## CRUMBAUGH *v.* SMOCK.

*A.* borrowed of *B.* 200 dollars; and, to secure the payment, assigned him the agent's certificate for a lot in *Indianapolis*, for which the purchase-money had been in part paid. On the same day with the assignment, *B.* gave to *A.* a separate obligation, binding himself to re-assign the certificate to *A.* on payment of the loan with interest at the time stipulated. *Held* that *B.* might consider the assignment, under the circumstances, as a mortgage, and, by a bill in equity, obtain a decree for a sale of the premises.

When a bill contains a prayer for general as well as special relief, the Court, in making a decree, is not confined to the particular relief prayed for, but may grant such relief as is warranted by the case made out in the bill.

ERROR to the *Marion* Circuit Court.—This was a suit in equity by *Smock* v. *Crumbaugh.* The bill charges that the defendant, having the agent's certificate for a lot in *Indianapolis* on which part of the purchase-money had been paid, applied to the complainant to borrow 200 dollars, and, to secure the payment, proposed to assign his right in the lot to the complainant;—that the complainant lent the defendant the money, took an assignment of the certificate to secure the payment, and, on the same day, gave the defendant a separate bond binding himself to re-assign the certificate on payment of the money lent with interest;—that the defendant had not paid the money at the time specified in the bond, nor at any other time, but refused to pay or give possession of the lot, &c. The bill prays a subpœna, and that an habere facias possessionem be decreed; and such other relief as may be agreeable to equity and good conscience. The defendant, demurred to the bill. The demurrer was overruled; and, the defendant refusing to withdraw his demurrer and file an answer (1), the Court decreed that he should pay, &c. on or before a specified time, and, if he did not, that the premises should be sold, &c.

SCOTT, J.—It is alleged in objection to this decree, that the relief prayed for existed at law and not in equity; and that the prayer for general relief did not authorize a decree for a sale.

*Tuesday, November 2.*

Nov. Term, of the mortgaged premises. The transaction in question may
1824.      be considered as a conditional transfer of the defendant's estate,
CRUMBAUGH  to become absolute on failure of payment of the 200 dollars and
   v.      interest; or it may be considered in the nature of a mortgage—
 SMOCK.    a mere security for the payment of the borrowed money. Add.
R. 357. The complainant considered it as a security in the nature of a mortgage, and set it out so in his bill; the defendant, by his demurrer, admitted this construction; and this indeed seems to be the most natural view of the contract (2). Considering the assignment, then, as a security in the nature of a mortgage, the relief was properly sought for on the chancery side of the Court.

The objection that the relief decreed is inconsistent with the special relief prayed for in the bill, is of no validity. The Court is not confined to the particular relief prayed for. On a prayer for general relief, the Court will grant such relief as is warranted by the case made out in the bill (3). Mitf. Pl. 38.—2 Atk. 141.—Bart. Eq. 40, 41.

*Per Curiam.*—The decree is affirmed, with 5 *per cent.* damages and costs.

*Nelson*, for the plaintiff.

*Rariden*, for the defendant.

(1) In overruling a demurrer to a bill, the Court must reserve liberty to the defendant to file an answer, or the decree against him will be erroneous. *Bottorf* v. *Conner*, ante p. 287.—*Sutton* v. *Gatewood*, 6 Munf. 398. Vide 20th rule Sup. Court *U. S.* Serg. C. L. 189.

(2) Although a conveyance be absolute on its face, yet if the grantee agree by deed to re-convey on being repaid his purchase-money within a certain period, the conveyance is considered a mortgage, and redeemable. *Manlove* v. *Ball*, 2 Vern. 84.—1 Madd. 2d ed. 517. So if a deed, absolute on its face, be shown to have been intended merely as a security for a debt, it will be considered a mortgage. *Dey* v. *Dunham*, 2 Johns. C. R. 189.— *Strong* v. *Stewart*, 4 ib. 167.—*James* v. *Johnson*, 6 ib. 417.—*Henry* v. *Davis*, 7 ib. 40.

(3) It is said, that a prayer for *general relief* was formerly thought sufficient; but that now *particular relief* is prayed, and no relief inconsistent with that is in general granted under the general prayer. 2 Madd. 171. A different relief, however, from that prayed for, was given in *Durant* v. *Durant*, 1 Cox, 58, cited in note, 2 Madd. supra. In New-York the doctrine is, as stated in the text, that though the bill contain, as usual, a prayer for general relief, and also for specific relief, the plaintiff may have other specific relief, provided it be consistent with the case made by the bill. *Wilkin* v. *Wilkin*, 1 Johns. C. R. 111, 117.