SullivAN, J.
The defendants in error, as the administrators of John Tipton, deceased, filed a bill to foreclose a mortgage executed by the plaintiffs in error to Tipton in his lifetime. The property mortgaged consisted of three tracts of land held by certificates issued by the canal commissioners, and on which a part of the purchase-money only had been paid. The bill prayed a foreclosure, and that the right and title of the plainr *254 tiffs in error in and to the land might be sold, &e. There was a demurrer to the bill which was. Overruled by the Court, and the defendants refusing to answer, there was a decree for the complainants.
W. Wright, for the plaintiffs.
C. Fletcher, 0. Butler, and 8. Yandes, for the defendants.
The first reason assigned for the reversal of the decree is that the bill is defective for the want of proper parties. It is contended that the canal commissioners, who, by law, are authorized to convey to purchasers the legal title to the land, should have been made parties to the bill. The objection is not well taken. All persons having an interest in the object of the suit, and whose rights are to be affected by the relief prayed, should be made parties. But we do not perceive that the rights of the commissioners can be affected by granting to the complainants all they pray for. The bill does not seek to disturb the legal title to the land. Its object is only to reach the interest of the mortgagors. The sale of that interest may be decreed without interfering with the legal title. It will remain where it now is until the pui’chaser under the deoree shall entitle himself, by the payment of the residue of the purchase-money, to a conveyance in fee.
It is further urged that the title of the plaintiffs in error to the land, being but an equitable one, was not a mortgageable interest; but this is not so. Any interest in land which may be sold or conveyed, may be mortgaged. 2 Story’s Equity, 290; 4 Kent’s Comm., p. 144.
It is also objected against the decree that it does not direct the certificates to be delivered to the purchaser at the sale that may be made under the decree. This objection would be more forcible if made by the complainants, whose interests may, in some measure, be affected by the absence of the certificates. It is not, however, of sufficient weight to reverse the decree, inasmuch as a Court of Equity is competent to protect the interests of a bona fide purchaser.
Per Curiam.—The decree is affirmed, with two per cent. damages and costs.