*W. P. Bryant* and *A. L. Roache*, for the defendant.

---

St. John and Others *v.* Freeman.

*A.*, the holder of a bond for the conveyance of a certain tract of land, assigned said bond to *B.*, as a security for money advanced. *B.* permitted *A.* to place the bond in the hands of *C.*, to be held as collateral security for a debt which he owed him. While it was in the hands of *C.*, the assignment to *B.* was stricken out, without his knowledge, and a new assignment made to *C.*, *D.*, and *E.*, to secure debts which *A.* owed them. *A.* paid the purchase money, and *C.*, *D.*, and *E.*, procured the conveyance of the land from the obligor to themselves, and the bond was cancelled. *B.* filed his bill in chancery against *C.*, *D.*, and *E.*, to set aside the conveyance and vest the title in nimself, and obtained a decree to that effect. It was proved that *A.* continued in possession of the land after the assignment to *B.*, offering to sell it with the knowledge and consent of *B.* *Held*, that the assignment to *B.* only amounted to an equitable security, or a mortgage for the advancements he had made. *Held*, also, that *B.* should have proceeded as in the case of a mortgage, and made *A.*, or his representatives, parties.

ERROR to the *Franklin* Circuit Court.

Smith, J.—*John Freeman*, the defendant in error, filed a bill of complaint against *John Semour, Berryan La Rue, John Daniels, Jeremiah O. St. John, Croker Snow, Mason D. Haile* and *Jacob L. Sailors*, the plaintiffs in error. He alleges that in the year 1839, *Semour*, having contracted for the sale of certain real estate to one *Samuel Snyder*, executed to him a bond for a conveyance, to be made when certain notes,

due by *John Daniels* and assigned by *Snyder* to *Semour*, should be paid. That at divers times he advanced to said *Snyder*, who was his son-in-law, large sums of money, and that, in consideration thereof, *Snyder*, by endorsement, assigned to him all the right, interest, and claim, the former had in said bond. That *Snyder* was indebted to *La Rue* to the amount of sixty or seventy dollars, for the payment of which debt one *James Snyder*, who was also a son-in-law of the complainant, had became security, and at the solicitation of the said *Samuel* and *James*, he delivered to them said bond, so assigned, to be placed in the hands of *La Rue* and to be held by him as collateral security for the payment of his debt. That afterwards, on the 13th of *October*, 1842, *La Rue*, without the knowledge or consent of the complainant, permitted *Samuel Snyder* to strike out the assignment previously made and make an assignment to *La Rue*, *Daniels*, and *St. John*, for the pretended consideration of one hundred and thirty-five dollars. That the complainant had paid the debt due to *La Rue*, and that the consideration upon which the bond was made by *Semour* had been paid to him. That, on the 3d of *November*, 1842, the complainant still being ignorant of the assignment to them, *La Rue*, *Daniels*, and *St. John* procured from *Semour* a conveyance of the land and delivered the bond to him to be cancelled. That *Samuel Snyder* died in the spring of 1844, and that *Snow*, *Haile*, and *Sailors* had obtained judgments against *St. John* and *Daniels*. The bill prays a decree ordering the conveyance to *La Rue*, *Daniels*, and *St. John* and the lien of the judgments to be set aside, and directing *Semour* to make a deed to the complainant.

The cause was heard on bill, answers, exhibits, and depositions, and a decree rendered in accordance with the prayer of the bill.

*La Rue* admits that his debt was paid after the conveyance had been made by *Semour*, and claims no interest in the matters in controversy.

*Daniels* denies that advancements were made by *Freeman* to *Samuel Snyder* and insists that the assignment to

the former was fraudulent, and made to evade the claims of creditors of the latter. He says *Snyder* was justly indebted to him between one hundred and thirty and one hundred and forty dollars, and made the assignment to secure the payment thereof; that the conveyance was procured by the direction of said *Snyder* and with his consent, and that no part of his debt had been paid.

*St. John* says *Samuel Snyder* was indebted to him seventy dollars, and also for taxes upon the premises which he (*St. John*) paid. In other respects his answer is to the same effect as that of *Daniels*.

The record furnishes no copy of the assignment to *Freeman*. It appears by the depositions that the latter advanced sums of money to *Samuel Snyder*, at different times, and had taken notes for their repayment. These notes had not been taken up and cancelled when the latter assigned the bond to him. *Freeman* continued to hold both the notes and bond, looking upon the land as a security for the repayment to him of the money he had advanced. *Snyder* continued in the possession of the premises after the assignment, receiving the rents and offering to sell with the knowledge and consent of *Freeman*. These facts, with others which are disclosed by the depositions, prove, that the assignment to *Freeman* was not intended as an absolute sale to him of the interest of *Snyder*, but that it amounted only to a mortgage or equitable security for the advancements he had made, and which he expected to be repaid. The assignment to *La Rue, Daniels*, and *St. John* was of the same character, but if they received it with knowledge of the previous assignment to *Freeman*, they must be considered as occupying the position of junior mortgagees.

Irrespective of the question of priority, the decree giving an absolute title to *Freeman* is erroneous. He should have proceeded as in the case of a mortgage, making the persons interested in the estate of *Samuel Snyder* parties, so that the amount of the indebtedness of the latter could be definitely ascertained, and his interest in the premises purchased of *Semour* appropriated to the payment of the

debts to secure which the assignments had been made, in their proper order. See *Crumbaugh* v. *Smock*, 1 Blackf. 305.—*Holcroft* v. *Hunter*, 3 Blackf. 147.—*Miller* v. *Tipton*, 6 Blackf. 238.

*Per Curiam.*—The decree is reversed. Cause remanded, &c.

*G. Holland*, for the plaintiffs.

*J. A. Matson*, for the defendant.