RICHARD CHARLES DOWNES, PLAINTIFF IN ERROR, *v.* WILLIAM S. SCOTT, DEFENDANT.

The second section of the act of the 29th of May, 1830, providing, that " if two or more persons be settled upon the same quarter-section, the same may be divided between the two first actual settlers, if by a north and south, or east and west, line the settlement or improvement of each can be included in a half-quarter-section," refers only to tracts of land containing one hundred and sixty acres, and does not operate upon one containing only one hundred and thirty-three acres.

Therefore, where tenants in common of a tract of one hundred and thirty-three acres applied to a State court for a partition under the above act, the judgment of that court cannot be reviewed by this court, when brought up by writ of error under the twenty-fifth section of the judiciary act, because the right asserted does not arise under an act of Congress.

The writ of error must be dismissed.

THIS case was brought up from the Ninth Judicial District Court of the State of Louisiana, by a writ of error issued under the twenty-fifth section of the judiciary act.

*Mr. Crittenden,* for the defendant in error, moved to dismiss the writ for the following reasons. Because, —

Downes *v.* Scott.

1st. Said writ of error is directed to the "Judge of the Ninth Judicial District Court of the State of Louisiana," when in truth no writ of error lies from this to that court.

2d. Said writ is for alleged error in a judgment of the said District Court of Louisiana, when in truth this court has no jurisdiction to judge of or correct said error if it exists, and no power to reverse said judgment upon writ of error.

3d. That the record filed in this case, or what purports to be such, is not duly certified, or legally authenticated and verified, — the certificate of "John T. Mason, clerk of the Ninth District Court, Parish of Madison, La.," being no evidence of the truth or verity of any record which this court has power to judge of on writ of error.

4th. The subject-matter of said suit and judgment, and the parties thereto, were proper matters and subjects of the jurisdiction of the courts of the State of Louisiana, and there is nothing therein to give this court any cognizance or right to revise or reverse said judgment, and the same is final and conclusive.

The motion was argued by *Mr. Crittenden*, for the defendant in error, and *Mr. Mason* (Attorney-General), for the plaintiff in error.

Mr. Justice McLEAN delivered the opinion of the court.

This writ of error brings before us a judgment of the Supreme Court of Louisiana, under the twenty-fifth section of the judiciary act of 1789.

On the 15th of June, 1837, a patent was issued by the United States to Elijah Evans and Levi Blakeley for one hundred and thirty-three acres and eight hundredths of an acre, being lots numbered one and three of section six in township sixteen of range thirteen east, in the district of lands subject to sale at Ouachita, Louisiana. The patentees having settled upon the above tract, and each having made improvements thereon, claimed a preëmptive right under the act of the 29th of May, 1830. The second section of that act provides, — "That if two or more persons be settled upon the same quarter-section, the same may be divided between the two first actual settlers, if by a north and south, or east and west, line the settlement or improvement of each can be included in a half-quarter-section."

The plaintiff applied, by petition, to the Ninth District Court of Louisiana for a partition of the above tract, which, it seems, was submitted to a jury, and on the trial of which "the judge charged the jury that the act of Congress of May 29th, 1830, entitled 'An act to grant preëmption rights to settlers on the public lands,' was not applicable to the case before the court and jury; that the said act had no binding force as to the dividing or parti-

tioning lands granted to settlers on the same quarter-section or frac-
tional quarter-section after issuing a patent therefor, but that such
division and partition must be in conformity with the laws of Louis-
iana and the principles of equity and justice." To which charge
an exception was taken, and on which an appeal was prosecuted to
the Supreme Court of the State, which affirmed the judgment of
the District Court.

How the parties to this suit became interested in the tract of
land above patented does not appear from the record. In the pe-
tition and answer, they are represented as owners of the premises,
and they are treated as such by the District and Supreme Courts
of Louisiana.

The second section of the preemption law above cited refers
to a quarter of a section, which contains one hundred and sixty
acres; and as the tract of which partition is demanded is less
than a quarter, it does not come within the law. Had ap-
plication been made for a division of the tract to the proper
department of the government, before the emanation of the pa-
tent, it could not, as we suppose, have been considered as coming
within the act, so as to authorize a partition and a patent to each of
the claimants. A patent having been issued to the claimants for
the tract jointly, as tenants in common, and they having conveyed
the land, which has become vested in the parties to this record, it
is now a question on what principle a division shall be made.

If the parties entitled to the preëmptive right might have ap-
plied for a partition under the act of Congress, but preferred
taking the patent as issued, it is difficult to perceive how the present
claimants could go behind the patent, in the assertion of a right
which was waived by those with whom it originated. The patent
vested in the patentees a joint interest as tenants in common, and
the same interest was conveyed through their grantees down to the
present owners. It does not appear, and the court cannot pre-
sume, that any greater or different right was conveyed than that
which is shown on the face of the patent.

In this view, we think the decision of the Louisiana court was
correct. It directed a partition on equitable principles, under the
local law, reserving to each claimant his improvements. And it
appears from the facts in the case, that this could not be done by
straight lines running north and south or east and west.

As the right asserted in this case by the plaintiff does not arise
under an act of Congress, this court has no jurisdiction by the
twenty-fifth section.

There seems to have been no allowance of the writ of error, and
it was directed to the District instead of the Supreme Court of
Louisiana. As this court can only revise the judgment of the
highest court in the State which can exercise jurisdiction in the
case, the writ of error should be directed to such court; unless

the record shall have been transmitted to an inferior tribunal. But, independently of these irregularities, we think that this court have no jurisdiction under the act of Congress; and on this ground this suit is dismissed.