No. 14,126.

## MOWBRAY v. ANTRIM, RECEIVER.

BUILDING ASSOCIATION.—*Property of.*—*Liability of Secretary.*—The secretary of a building association is not an insurer of the property and money coming into his hands as such secretary, but his liability is only that of an ordinary trustee or bailee for hire.    Following *Norwood* v. *Harness,* 98 Ind. 134.

SAME.—*Promissory Note.*—*Loss of Without Secretary's Negligence.*—*Liability.*— Where such secretary entrusts a promissory note for safe keeping to the president of the association, a responsible person and a prudent business man, the association having no place for the safe keeping of its securities, and it is lost through no negligence of the secretary, and comes into the hands of the makers who defeat an action for recovery, the secretary is not liable for the amount of the note.

From the Miami Circuit Court.

*W. E. Mowbray, L. Walker, H. J. Shirk* and *J. Mitchell,* for appellant.

*C. A. Cole, N. N. Antrim* and *W. B. McClintic,* for appellee.

COFFEY, J.—This was a suit by the appellee, as receiver of the Working Men's Saving, Loan and Building Association, of Peru, Indiana, against the appellant, on his bond as

secretary of said association. The condition of said bond is as follows: "Now if the said William E. Mowbray shall well and truly perform the duties of said office of secretary, as prescribed by the constitution and by-laws of said association, then this obligation shall be void, otherwise to be and remain in full force and effect."

At the date of the execution of the bond in suit, the constitution of the association provided that the secretary should keep correct minutes of the proceedings of the association, and of the board of directors ; that he should keep accurate accounts with all stockholders, and attest all orders signed by the president legally drawn on the treasurer ; that he should receive all dues for stock and other payments from the members, and pay the same to the treasurer, taking his receipt therefor ; that he should have charge of the seal and all the books and papers of the association ; all of which he should deliver to his successor in office.

The complaint alleges that the appellant was duly elected secretary of said association on the 15th day of January, 1880, and duly qualified to serve, as such, during the year 1880 ; that on the 24th day of January, 1881, he was duly elected as his own successor and duly qualified ; that during the year 1880, he had in his care, custody and control a certain promissory note belonging to and the property of said association, dated September 25th, 1879, due on or before September 25th, 1880, payable to the order of the Working Men's Saving, Loan and Building Association, of Peru, Indiana, for $200, with interest from date at the rate of eight per cent. per annum, without relief from valuation or appraisement laws, with five per cent. attorney's fees, signed by Eliza J. Trissal and Noah W. Trissal, and secured by mortgage on the following real estate in Miami county, Indiana, to wit: Lots Nos. 55 and 56, in Smith's second addition to Peru, Indiana, * * * which note is of the value of three hundred and fifteen and $\frac{40}{100}$ dollars ; that he wrongfully neglected, failed and refused to pay to the treasurer of said association the

money due on said note, or to deliver to his successor in office said note; that he failed and refused, and still fails and refuses, to deliver to the plaintiff said note or the money due thereon, although the plaintiff has specially requested him so to do, before the commencement of this suit, whereby the plaintiff has been damaged in the sum of three hundred and fifteen and $\frac{40}{100}$ dollars.

The appellant answered this complaint in nine paragraphs. The court sustained a demurrer to the fourth, fifth, sixth, seventh and ninth paragraphs of the said answer, and this ruling is assigned as error in this court.

The fourth paragraph of the answer admits the possession of the note mentioned in the complaint, and the right of the plaintiff to recover nominal damages, and in avoidance of all claims for damages, except such as are merely nominal, alleges that in the year 1880, while he held the possession of said note, said association furnished no place for the safe keeping of its securities; that appellant occupied a room jointly with one Dukes who was the president of said association, and was and still is a man of large financial means; that with the consent of said Dukes he left said note in the fire-proof safe of the said Dukes, with the other securities of said association; that at the request of the said Dukes, who was the president of said association, and upon his representation that the makers of said note desired to pay the same, at a time when the appellant, by previous arrangement, would be absent from his office, he delivered said note to the said Dukes to receive the money due thereon; that he has never had said note in his possession since he so delivered the same to said Dukes; that the makers of said note now have the possession of the same, but the said Dukes denies that they paid the same to him; that the association brought suit on said note against the makers thereof in the Miami Circuit Court, after the same was so delivered to the said Dukes, but was defeated in said suit; that no part of said note was ever paid to the appellant.

The fifth paragraph of the answer admits that the appellant had the possession of the note mentioned in the complaint as therein alleged, but avers that the same was lost without any fault or negligence on his part; that after the loss of the same, in a suit by the said association against the makers thereof, as upon a lost note, it was defeated; that the makers of said note never paid the same, or any part thereof.

The sixth paragraph is the same as the fourth, except that it omits the averments that the appellee delivered the same to Dukes, and the defeat of the association in a suit on the note, and avers that the same was taken from the safe without his knowledge or consent, and avers that the same has never been paid.

The seventh avers that the appellant received no money on the note mentioned in the complaint, and that the same was lost while in his possession as secretary of said association, without any fault or negligence on his part.

The ninth paragraph is substantially the same as the seventh.

The appellant contends that this case falls within the rule announced in the cases of *Norwood* v. *Harness*, 98 Ind. 134, *State, ex rel.,* v. *Greensdale*, 106 Ind. 364, *Slauter* v. *Favorite*, 107 Ind. 291, and *Naltner* v. *Dolan*, 108 Ind. 500, and that he is liable only for the want of such care as is required of an ordinary trustee or bailee for hire. On the other hand, it is contended by the appellee that the case falls within the rule announced in the cases of *Halbert* v. *State, ex rel.*, 22 Ind. 125, and *Inglis* v. *State, ex rel.*, 61 Ind. 212, and that the appellant is an insurer of the property and money coming into his hand as such secretary.

It is said in some of the cases of the class to which the two last cited belong, that when a public officer receives funds the money belongs to him and that he becomes a debtor to the fund received, and for that reason it is no defence when called upon to account, to say that the money

has been lost, stolen or destroyed.    The rule is based upon public policy, and when applied to public officers is a salutary one.    But the reason for the rule does not exist as to officers of a private corporation.    They are in no sense the owners of the money which comes into their hands, and have no right to use it, except in the business of the corporation.    If the rule was applicable to private corporations, then the officers of a banking institution would be individually liable to the bank for the funds stolen from the bank, though such theft occurred without their fault or negligence. We are of the opinion that the liability of the appellant is that of an ordinary trustee or bailee for hire, and that it is governed by the rule announced in the cases first above cited. It follows that the circuit court erred· in sustaining the demurrers to the fourth, sixth, seventh and ninth paragraphs of the answer.    The seventh and ninth paragraphs are general, in their terms, but in the absence of a motion to make them more specific they are sufficient.    *Duffy* v. *Howard,* 77 Ind. 182; *Boyce* v. *Fitzpatrick,* 80 Ind. 526; *Jones* v. *White,* 90 Ind. 255; *Ohio, etc., R. W. Co.* v. *Walker,* 113 Ind. 196.

Nor can we say that the evidence which the appellant might have introduced under these paragraphs could be given in evidence under the eighth paragraph of the answer, as contended by the appellee.    The proof under the eighth paragraph would be limited to the specific facts therein averred, while under the seventh and ninth it might have taken a much broader range.

It is also complained in this court that the circuit court erred in overruling a demurrer to the third paragraph of the reply to the eighth paragraph of the answer.

We think this complaint is well founded.    The eighth paragraph of the answer avers that the note mentioned in the complaint was lost while the same was under the control of the appellant, as secretary of said association, without any fault or negligence on his part, under the circumstances following : That said association did not designate or provide

for appellant, as its secretary, any means for securely keeping the papers left in his possession or custody as such secretary, but appellant, by permission of one Aaron N. Dukes, made use of a suitable safe belonging to said Dukes, and kept in the office jointly occupied by said Dukes and the appellant; that the note in controversy was kept in said safe, to which only said Dukes and the appellant had access; that said Dukes was and is a careful, prudent business man, and then was, and still *is*, financially solvent and responsible; that there was a series of notes executed by Trissal and Trissal, as stated in the complaint, three in number, so left in said safe, one of which was the note in controversy; that one of said notes was due and payable about the 15th day of April, 1880, and the others did not mature until after that date; that having received notice from said Trissal that he would about that time pay the note then due, and being at that time necessarily about to be absent from his office and away from said county in which said office was situated, he authorized said Dukes to receive payment of the note then due; that said Dukes did receive said money on the note then due, and paid the same to the appellant, who has fully accounted for and paid the same to the treasurer of said association; that thereafter, about the time of the maturity of the note in controversy, the appellant discovered that said note was missing from said safe; that he did not at any time subsequent to said collection, to wit, on the 15th day of April, 1880, remove said note from said safe, or collect the same, or any part thereof, or in any way assent to its collection or removal.

To this answer the third paragraph of the reply alleges that the appellant, while acting as secretary of the association, to wit, on the — day of April, 1880, delivered said note to said Dukes for safe keeping and for collection, as the agent of the appellant; that while the same was so in the possession of said Dukes as such agent, to wit, on the — day of April, 1880, the payor thereof Noah W. Trissal, paid the same in

full to said Dukes, as the agent of appellant, and that said Dukes thereupon surrendered said note to the said Trissal.

This reply proceeds upon the theory that the appellant is liable for the note in controversy without regard to any question of negligence. A rule that would render him liable under the circumstances disclosed by this answer and the reply thereto, would render personally liable the officers of a bank, administrators and guardians, where they entrust claims for collection to agents or attorneys, however careful they might be in the selection of such agents or attorneys. As we have seen, the rule which holds a public officer as an insurer of the funds in his hands does not apply to officers of a private corporation, like the one before us.

We think the court erred in overruling the demurrer to this reply.

Judgment reversed, with directions to overrule the demurrer to the fourth, sixth, seventh and ninth paragraphs of the answer, and to sustain the demurrer to the third paragraph of the reply.

