Mrs. D. M. McRae, *Appellant*, v. Farmers State Bank of Reardan, *Respondent*.[1]

*Danson, Lowe & Danson,* for appellant.
*Pettijohn & McCallum,* for respondent.

Mitchell, J.—This action was disposed of in the superior court upon a second amended complaint and a general demurrer. The demurrer was sustained. The plaintiff elected not to plead further, and a judgment was entered dismissing the action. The plaintiff has appealed.

The allegations in the second amended complaint are, in substance, as follows:

(2) That the defendant, Farmers State Bank of Reardan, is and was engaged in the banking business under the laws of this state.

(3) "That for some time prior to the 15th day of November, 1922, and until the commencement of this action the defendant continuously acted as agent for the plaintiff who kept on deposit with the defendant large sums of money, and it was authorized and did loan from her funds from time to time to responsible

[1]Reported in 35 P. (2d) 58.

parties on promissory notes; that in the ordinary course of operating its business and looking after the affairs of the plaintiff, the defendant kept such notes in its possession and collected principal and interest thereon as the same fell due; that this plaintiff had known the officers of the defendant corporation for many years and had had at all times great trust and confidence in their ability and integrity, and that she had placed her monies on deposit with them and authorized them to loan said monies at their solicitation, and that this plaintiff relied upon them to look after her matters with fidelity and integrity.''

(4) That, on November 15, 1922, defendant bank loaned to Gravelle Farmers Elevator Company thirty-six hundred dollars out of plaintiff's funds, taking the note of the elevator company in that amount, payable to the plaintiff one year after date.

(5) That defendant kept the note for collection, with others belonging to plaintiff, and for several years thereafter, from time to time, collected from the elevator company large amounts of indebtedness due from the elevator company to the bank, and applied all of such monies on its own loans to the elevator company, except $599.25 on October 30, 1924, and $301.59 on December 2, 1925, the latter two payments being applied by the bank on the note of November 15, 1922, to the plaintiff.

(6) This paragraph gives an itemized statement of collections by the bank from September, 1924, to August, 1929, amounting to approximately $175,000, all of which was applied by the bank on the indebtedness of the elevator company to the bank.

(8) That the elevator company became insolvent while the defendant held the note belonging to the plaintiff; that impending insolvency of the elevator company was known to the bank, but not known to the plaintiff until after a receiver was appointed; that the

defendant failed and refused to collect the amount due plaintiff from the elevator company, although during all such time the defendant assured the plaintiff that the note due her was good and would be paid.

(9) That the affairs of the elevator company were wound up and its assets distributed to its creditors, after which, as to the plaintiff, there remained due on the principal and interest of the note owing to her the sum of $1,623.22.

(10) That the bank collected all of the indebtedness due to it by the elevator company, but failed to apply any of such large amount of collections to the debt held for collection on behalf of the plaintiff, other than the two amounts above mentioned.

The appellant relies on the general rule that it is the duty and obligation of an agent to adhere to the interests of his principal, even if there is a conflict between them and those of its personal affairs. As stated in *Michoud v. Girod,* 45 U. S. 502, quoted with approval in *United States v. Carter,* 217 U. S. 286, 30 S. Ct. 515, as follows:

"The general rule stands upon our great moral obligation to refrain from placing ourselves in relations which ordinarily excite a conflict between self-interest and integrity. It restrains all agents, public and private."

And in *Robertson v. Chapman,* 152 U. S. 673, 14 S. Ct. 741, as follows:

"While his agency continues he must act in the matter of such agency solely with reference to the interests of his principal. The law will not permit him, without the knowledge or assent of his principal, to occupy a position in which he will be tempted not to do the best he may for the principal."

21 R. C. L. (Principal and Agent) 825, discussing the rule, says:

"He cannot lawfully serve or acquire any private interest of his own in opposition to it. This is a rule of common sense and honesty as well as of law."

In *Perkins v. Perkins,* 151 Wash. 252, 275 Pac. 541, it was said:

"An agent will not be permitted to obtain or receive a position of advantage secured at the expense of his principal. Bispham's Principles of Equity (10th ed.), § 232; Pomeroy's Equity Jurisprudence, vol. 2, § 959; Meacham on Agency (2d ed.), § 1189."

On behalf of the respondent, there is some discussion with reference to the rule of the application of payments by a debtor. There is nothing, however, in the pleading in this case to indicate any choice or direction on the part of the elevator company with reference to the application of any of the payments made by it to the bank, who, as the elevator company knew, also held for collection the note it had given in favor of the appellant. In such a case, the bank, having the right as against the elevator company to apply the payments as it saw fit, should have applied enough to satisfy the debt for the collection of which it was acting generally as agent for the appellant.

Further, the respondent, citing *Dern v. Kellogg,* 54 Neb. 560, 74 N. W. 844; *First National Bank of Abilene v. Naill,* 52 Kan. 211, 34 Pac. 797; *Freeman v. The Citizens' National Bank,* 78 Iowa 150, 42 N. W. 632, 4 L. R. A. 422; and *Carpenter v. National Shawmut Bank,* 187 Fed. 1, and other authorities along the same line, contends the applicable rule to be that a bank holding paper for collection merely, may, as a general rule, obtain a preference for a debt owing to itself. The doctrine of those cases is to that effect, but this is not a case of that kind. The note in this case was not sent to the bank for collection as a primary or original transaction with the bank, nor was it left

there subject to further instruction from or by the appellant, nor as a matter of convenience for the elevator company to pay when and as it wished. This is not a case of special agency merely for collection, but, according to the plain and reasonable construction of the pleading, it is a case of general agency for the investment of money and the collection of principal and interest.

The relation existed a number of years. Appellant kept on deposit with the bank large sums of money; the bank was authorized to, and from time to time did, loan from these funds to parties on their promissory notes; that, in the ordinary course of prosecuting the business and looking after the affairs of the appellant, the bank kept such funds in its possession as a general agent ordinarily does in such cases, and collected the principal and interest; that the appellant knew the bank's officers for years and trusted them; and that she placed the monies on deposit with the bank to loan at the bank's solicitation.

Such a continuous course of dealings over a great number of years made the bank a general agent within the rule contended for by appellant. The relation was voluntarily assumed by the bank, and it must be held responsible to the extent that it has, to the detriment of its principal, subordinated the debts due its principal to its own individual rights. The second amended complaint states a cause of action.

Reversed and remanded, with directions to overrule the demurrer.

BEALS, C. J., MAIN, STEINERT, and TOLMAN, JJ., concur.