[No. 36623.   Department One.   August 22, 1963.]

J. H. CHRISTIE, *Respondent*, v. GUS F. GMEINER *et al.*, *Appellants.*\*

\*Reported in 384 P. (2d) 812.

*Derr & Knowles*, and *Paul R. Derr* for appellants.

*Grant L. Kimer*, for respondent.

HUNTER, J.—This is an appeal from a money judgment on a promissory note and from the dismissal of a cross-complaint for recovery, on the basis of an alleged failure of consideration, of payments made thereon.

The defendants (appellants), Gus F. Gmeiner and his wife, hereafter referred to in the singular, responded to an ad in a Spokane paper, which had been inserted by one Richard Thompson, relating to the sale of an exclusive franchise for a vending-machine business together with needed machines and merchandise therefor. These vending machines, called Notionette Merchandisers, were for the purpose of dispensing a line of sundries, notions, and miscellaneous small items of merchandise. A purchase price of $2,996.11 was agreed upon. The defendant's available cash was $796.11, thus requiring financing in the amount of $2,200 in order to close the transaction.

Thompson arranged for a conference with the plaintiff (respondent), an acquaintance with whom Thompson had had former business dealings, for the purpose of making the $2,200 loan. The plaintiff conducted a personal loan business under the name Sprague Investment Company. At this conference, it was agreed that, upon a satisfactory determination of the defendant's credit standing, the loan would be made; that a note in the amount of $2,640 would be executed by the defendant in favor of the plaintiff to secure the loan and interest; and that, in return, the defendant would receive from the plaintiff a check for $2,200. This was done. The check was endorsed by the defendant and returned with the note to the plaintiff on the understanding that the check was to be delivered to Thompson when the defendant's satisfactory credit standing had been ascertained. On the next day, the plaintiff notified the defendant by telephone that his credit was satisfactory and that he was in business. The check was delivered to Thompson which, together with a $796.11 check previously received by

Thompson, constituted full payment for the business and merchandise.

Unknown to the defendant, however, a further business arrangement was made that day between the plaintiff and Thompson relative to the $2,200 check. Upon receipt of the check by Thompson, it was understood that he was to endorse and return it for the purpose of satisfying a $450 prior obligation which he owed to the plaintiff. When this was done, the plaintiff credited Thompson's account with $450 and executed a $1,750 note in his favor. This note the plaintiff delivered to Thompson with the further understanding that payments would be made on it to Thompson at the time and in the amount of the payments made on the defendant's $2,640 note, less the interest on the defendant's payments. The $2,200 check issued by the plaintiff for the loan to the defendant was never cashed.

Over a subsequent period of time, the defendant made 15 payments of $88 each to the plaintiff, who, in turn, made 12 payments totaling $826.99 therefrom to Thompson. A little over a year after the notes had been executed, the plaintiff made a settlement with Thompson for the balance due on his $1,750 note, then in the amount of $923.01, for the sum of $700. This note, however, was not returned by Thompson and only during the course of the trial in the instant case was it finally retrieved.

In the meantime, the defendant and Thompson had differences over nonperformances and nondeliveries of merchandise. Approximately 6 months after the purchase of the business, the defendant brought suit against Thompson for rescission of the contract. In seeking assistance and information therefor concerning Thompson, the defendant asked, but did not receive help from the plaintiff. The defendant then complained to the prosecuting attorney of Spokane County, at which time the plaintiff disclosed his dealings with Thompson. This information was given to the defendant, and he thereupon ceased making further payments on his note.

When the defendant's payment stopped, the plaintiff brought the present action for the balance due on the de-

fendant's note, in the amount of $1,280, together with attorney's fee and costs. The defendant, by way of affirmative defense, alleged there was a complete failure of consideration for the note and there was nothing due the plaintiff thereon. The defendant further, by cross-complaint, sought judgment against the plaintiff for the total amount paid on the note, together with interest, costs and attorney's fee. The action was tried before the court sitting without a jury.

The trial judge found that there was a partial failure of consideration and that the consideration for the loan consisted of (1) the $450 credit for the pre-existing obligation, (2) the $826.99 paid by the plaintiff to Thompson from funds received from the defendant, and (3) the $700 cash paid by the plaintiff to Thompson for the settlement of the note, or a total of $1,976.99. The trial court deducted from this sum the amount paid by the defendant to the plaintiff on his note, the sum of $1,320, awarded judgment to the plaintiff for the difference in the amount of $656.99, together with $150 attorney's fee and costs, and dismissed the defendant's cross complaint, from which the defendant appeals.

The defendant contended at the trial and also argues on this appeal that an agency existed between the defendant and the plaintiff; that the plaintiff failed to carry out his duties, as the defendant's agent, when he failed to pay the cash proceeds—"the fruits of the transaction"—to Thompson but, instead, took back the check and issued a note, without the defendant's knowledge or consent, in order to satisfy the prior debt owed him by Thompson; and that plaintiff, as defendant's agent, cannot secretly become the beneficiary of a contract which he may have caused the defendant to have entered into. In support of his contention, the defendant cites *Dorsey v. Strand*, 21 Wn. (2d) 217, 150 P. (2d) 702 (1944); *Perkins v. Perkins*, 151 Wash. 252, 275 Pac. 541 (1929); *McRae v. Farmers State Bank of Reardan*, 178 Wash. 642, 35 P. (2d) 58 (1934); Bispham's Principles of Equity, (10th ed.) § 232; Mechem, Agency (2d ed.) § 1189.

The trial court found that the agency relationship between the defendant and the plaintiff was a limited agency which was fulfilled and terminated when the check for $2,200, representing the loan to the defendant, was delivered to Thompson. The defendant contends this finding is in error since, under his theory, the agency would continue to exist until the full cash amount of his loan had been delivered to Thompson.

■ An analysis of the record shows that the object of the loan was to permit the defendant to pay the balance on the purchase price for the vending-machine business franchise and the merchandise. When the $2,200 check was delivered to Thompson by the plaintiff, this balance was as effectively paid as if it had been a cash payment since the obligation of the defendant to Thompson was thereby satisfied and the sale consummated. Therefore, there was no further obligation for the plaintiff to perform, and the trial court was correct in holding the agency was thereupon terminated.

■ The defendant argues that the inference is strong that the plaintiff's failure to transfer the cash proceeds of the loan caused or materially contributed to the failure of the transaction between the defendant and Thompson, by the latter's failure to furnish the merchandise in pursuance of the agreement. The burden of proof is upon the defendant to prove he was so prejudiced. We find no evidence in the record to support this contention. It is pure speculation, therefore, to say the defendant was prejudiced in his future dealings with Thompson by reason of the manner in which the balance of the obligation due Thompson from the defendant was satisfied by the plaintiff. There is a failure of proof on this factual issue.

■ The defendant contends that he was deceived by the plaintiff's failure to advise him of the method by which he intended to deliver the proceeds of the loan to Thompson and that this deceit should vitiate the entire transaction. The trial court found there was no fraud or deceit. This finding is supported by the record. The plaintiff's alleged objectionable transactions with Thompson ensued after the

$2,200 check had been delivered and the defendant's obligation to Thompson on the deal with him had been satisfied for that amount.

The defendant further contends there was a failure of consideration for the loan because the plaintiff parted with nothing of substance, at the time the defendant's note was executed, which constituted both a detriment to the plaintiff and a benefit to the defendant. As we have stated, the object of the loan was to satisfy the $2,200 obligation of the defendant to Thompson. When the plaintiff delivered his $2,200 check to Thompson, the defendant's obligation was satisfied. The record therefore fails to support this contention.

The judgment of the trial court is affirmed.

OTT, C. J., HILL, ROSELLINI, and HALE, JJ., concur.