LEIKAUF ET AL. *v.* GROSJEAN.

[No. 12,981.   Filed June 29, 1928.]

W. N. Ballou, for appellants.
Heaton & Heaton and Dan C. Flanagan, for appellee.

McMAHAN, J.—Appellee filed his complaint in nine paragraphs asking for the foreclosure of mechanics' liens for materials furnished and labor performed in the construction of eight dwelling houses. The first paragraph alleged that the value of the labor and materials was $704.34; that eight notices of liens had been filed, copies of which were made a part of this paragraph, asking judgment for the amount due and a foreclosure of the several liens. Each of the other paragraphs alleged

that appellants owned a certain described lot; that appellee had furnished material and performed labor in erecting a house on the described lot; that notice of a mechanic's lien had been filed, and asking a separate judgment and foreclosure of the lien for amount due on account of each house.

Appellants filed an answer of general denial, and a counterclaim alleging that the work performed by appellee was done in an unworkmanlike manner; that the cement work done by appellee was uneven and cracked by reason of improper mixture and would have to be removed, the cost of which would amount to more than the amount of appellee's claim.

The court found there was due appellee from appellants $838.21; that appellee had filed notices of his intention to hold a lien on eight several and distinct lots, giving the amount of the lien claimed on each lot, and aggregating $659.61, on which sum there had been paid $355. It is further found that plaintiff should recover for interest $110.55, and $423.05 attorney fees. A judgment was entered for plaintiff in the sum of $838.21 and a decree ordering the eight lots sold for the purpose of paying the judgment.

The error assigned relates to the overruling of appellants' motion for a new trial, the specifications of which are: (1) That amount of the recovery is too large; (2) that the decision is not sustained by sufficient evidence; (3) that the decision is contrary to law; (4) error in admitting evidence; and (5) error in excluding certain evidence.

In support of the contention that the amount of recovery is too large, appellants call attention to the fact that there are eight different lots and a notice filed as to each lot, while the decree orders all of the lots sold to satisfy the whole amount found to be owing appellee, instead of ordering each lot sold

separately to satisfy the lien thereon. This contention is not well taken. The word "decision," as used in the statute designating the grounds upon which a new trial can be had, refers to the finding of the court and not to the judgment or decree. If the judgment does not follow the finding, the remedy is by a motion to modify the judgment so that it will correspond with and follow the finding, and not by a motion for a new trial. It is to be observed that the court found the value of the work done and material furnished on each of the eight lots for which appellee was originally entitled to a lien, and that the total was $659.61, on which there had been payments made aggregating $355; that the total interest due appellee was $110.55; and that a reasonable attorney fee was $423.05. The court did not find the amount of the interest, or the share of the attorney fee that should be charged against each of the several lots. The court, however, did find the value of the work done and of the materials furnished on each of the eight lots for which appellee was originally entitled to a lien, each lot being specifically described and the several amounts being found to be $93, $119.58, $9, $92.50, $84.34, $83.13, $83.53, $83.53, which aggregated $648.61, and on which the court found there had been paid $355. Appellants, when these payments were made, gave no directions as to what houses or debts on which they should be applied. Appellee testified that he did not apply these payments on any particular house or claim. He simply gave credit on what appellant owed him. The court made no application of the $355 to any particular lot or claim. No question, however, is raised concerning the application of the payments, but we call attention to this matter in view of questions hereinafter discussed.

Appellants next contend that the amount of the recovery is too large, for the reason that a part of the work

was for the construction of sidewalks and which work appellants insist was not included in or covered by the notices of mechanics' liens, and for the further reason that some of the work done was of a character for which no lien is provided by statute. In support of these contentions appellants make no claim that the amount the court found was due and owing appellee is too large. The claim which appellants make is, that the decree of foreclosure covers certain items for which no lien is by law allowed. If the amount which the court found was owing appellee by appellants is correct, the amount of the recovery is not too large. If some item for which a recovery was allowed, should not have been included in the finding that appellee was entitled to a lien to secure the payment of such item, the decree having followed the finding, the error should have been raised under the specification that the decision is contrary to law, and not under the specification that the amount of the recovery is too large.

Appellants next say the amount of the recovery is too large in that it includes attorney fees, when the evidence shows the notices of liens were not filed within sixty days as required by the statute. This contention cannot prevail as the evidence is sufficient to warrant a finding that the notices were filed within the period required by the statute.

In support of the contention that the decision is contrary to law, appellants say: "The plaintiff kept no record and did not know the amount of labor or material furnished upon any of the properties for which he asked a lien, and there is no evidence as to the quantity of either as to any lot in question." Appellant has made no attempt to review the evidence bearing upon this contention or to point out wherein the evidence is not sufficient to support the finding. We

have examined the evidence, and, in our judgment, it is ample to show the amount of labor and material furnished on each lot. The court found the value of the labor and materials that went on each separate lot, and there should have been a decree ordering each lot sold for the purpose of satisfying the lien on each particular lot, but the extent and form of the decree is not. challenged in this regard.

The next contention is that the court erred in permitting the witness Morris to testify as to the value of attorney fees. We have made diligent search to ascertain whether there is any basis for complaint because of the admission of this testimony, but we find nothing in the brief as to the form or substance of the question asked. There is no showing that any objection was made to the admission of the testimony, or that any exception was saved to the ruling of the court, and we hold no question as to the admission of this testimony is presented.

The contention that the court erred in sustaining appellee's objection to a question asked the. witness Hershfelder cannot be sustained. Neither the question asked the witness, nor the substance thereof is set out in the brief. There is no showing that the court sustained an objection to the question or that any exception was saved as to any ruling thereon. An examination of the testimony of this witness as set out in the brief shows that he testified to the facts which appellants say the court refused to allow them to prove by the witness, and further there is no reference to the place in the transcript where the testimony and alleged ruling of the court can be found. An appellate tribunal will not search the record to reverse a judgment.

No error is shown in the action of the court in overruling the motion for a new trial.

Judgment affirmed.