SPIVEY *v.* FRAZEE and Others.

SPIVEY
v.
FRAZEE.

When a bill contains a prayer for general as well as special relief, the Court may mould the decree to meet the case made in the record.

To a bill in equity which specially charged fraud, there was a plea in bar not accompanied by any answer.

*Held,* that, under the R. S. 1843, the plea was bad.

An answer in chancery manifestly evasive, may be treated as no answer, and ordered to be taken from the files.

ERROR to the *Fayette* Circuit Court.

*Tuesday,*
*June 17.*

STUART, J.—Bill in chancery by *Frazee* and two other heirs of *Samuel Frazee,* deceased, against *Spivey,* to have a deed corrected. Decree in accordance with the prayer of the bill.

The bill shows that *Samuel Frazee* died in 1831, seized of two hundred and seventy acres of land, which is described; that of this ninety acres were set off by commissioners, &c., to the widow, as dower; that *John, Keziah* and *Jane Frazee,* the complainants, were three of ten heirs of *Samuel,* deceased; that in 1837 their guardian, *Wiley,* petitioned the Probate Court to have their undivided three-tenths of the one hundred and eighty acres not incumbered with dower, sold, &c.; that upon this petition such proceedings were had in the Probate Court, that their three-tenths of the one hundred and eighty acres were sold for 951 dollars, to *John Spivey,* the defendant, who in due time paid the purchase-money; that the Probate Court ordered a deed to *Spivey,* and appointed *Caleb Smith* commissioner to convey, &c.; that he executed to *Spivey* a deed for three-tenths of the whole land, two hundred and seventy acres, for a specified consideration of 1,426 dollars and 50 cents; that this deed was delivered to *Spivey* without being reported to the Probate Court; that *Spivey* pretends to claim under this deed three-tenths of two hundred and seventy acres, whereas he bought only three-tenths of one hundred and eighty acres; that the ninety acres incumbered by the widow's dower, were not sold, and were by mistake or fraud embraced in the commissioner's deed. They therefore pray that the deed may be reformed to correspond with the fact,

as to the quantity sold and which should have been conveyed.

The defendant, *Spivey*, is admitted to be the owner in fee of seven-tenths of the two hundred and seventy acres, by inheritance and purchase.

*Spivey* pleaded former proceedings in partition in the Probate Court in bar of the complainants' relief. The plea was set down for hearing, and being held insufficient, was overruled.

*Spivey* then filed a general answer to the whole bill, which, after the formal introductory part, consisted in denying all fraud, and having "answered all that he is advised is material, declines to answer further."

On motion, the answer was ordered to be taken from the files. It was further ordered that the bill be taken as confessed and true against *Spivey*.

The Court decreed the reformation prayed, describing minutely the one hundred and eighty acres, three-tenths of which the probate deed covered; and also the ninety acres which should not have been embraced in the conveyance.

To the order for taking the answer from the files, the defendant *Spivey* excepted in form which is made a part of the record.

*Spivey* prosecutes this writ of error.

The errors assigned are—

1. That the Court overruled a demurrer to the bill.

2. That the Court overruled the plea.

3. In ordering the answer to be taken from the files.

The only brief on file is that for *Spivey*, which quietly assumes that "no authorities need be cited," and accordingly cites none.

These proceedings were had in the spring of 1852, under the old chancery practice.

The demurrer to the bill was correctly overruled. The facts set up furnished sufficient ground for equitable relief; and the prayer of the bill being general as well as special, it was in the power of the Court to mould the decree so as to meet the case made in the record. 1 Blackf. 305.

The plea in bar was insufficient. The statutory prac-

tice in chancery provides that " in every case in which the bill specially charges fraud or combination, a plea to such part must be accompanied with an answer fortifying the plea and explicitly denying the fraud and combination, and the facts on which the charge is founded." R. S. 1843, p. 837.

The plea here was not accompanied by an answer. On being set down for argument, it was correctly held bad.

The rule prescribed by statute prevailed at common law, whence it was adopted into our revision. Writers on equity practice give reasons for the rule which at once not only remove the apparent incongruity of putting in two separate pleadings to the same parts of the bill, but show the eminent necessity of that practice to attain the ends of justice. " Thus it is the right, as a general rule, of the plaintiff in equity to examine the defendant on oath as to all matters of fact which being well pleaded in the bill are material to the proof of the plaintiff's case, and which the defendant does not, by his form of pleading, admit." A plea, merely denying the material facts in the bill, would defeat the discovery sought. " The answer, therefore, is strictly matter in support of the plea, and proof to the discovery of which the plaintiff is entitled, notwithstanding the plea." The plea, of itself, is not a complete answer to the bill; for though it repels the facts, it does not repel the right to a discovery of all the facts and circumstances from the conscience of the defendant. *Wigram 23.—Story's Eq. Pl. 515.*

In the case at bar, the answer was so wholly defective as scarce to deserve that name. R. S. 1843, p. 838. Whether there was any error in sustaining the motion to take it from the files, is not material; for it could not have availed *Spivey* materially in any way. The Court might have treated it as a nullity and taken the bill as confessed. This is substantially what was done; and it does not appear that the rights of *Spivey* were prejudiced.

Even the ruling of the Court ordering the answer to be taken from the files, was not erroneous. Thus an answer

which was manifestly evasive, was considered as no answer and ordered to be taken from the files.  *Smith* v. *Searle*, 14 Ves. 415.

*Per Curiam.*—The decree is affirmed with costs.

*J. Perry*, *J. C. McIntosh*, *C. H. Test* and *S. W. Parker*, for the appellant.

*J. A. Fay* and *J. Yaryan*, for the appellees.