## BRADFORD *v.* MCBRIDE ET AL.

[No. 7,876.   Filed November 23, 1911.   Rehearing denied March 6, 1912.   Transfer denied June 6, 1912.]

1. JUDGMENT. — *Judgment on Cross-Complaint.* — *Cross-Complaint Not Confined to Matters Germane to Original Action.—Validity of Judgment.*—Although a judgment on matters outside of the issues is void, a judgment rendered on a cross-complaint, and which is within the issues tendered by such cross-complaint, is valid even though such issues are not germane to the original action.   p. 628.

2. JUDGMENT.—*Modification.—Motion.—Parties.*—A motion to modify a judgment rendered on a cross-complaint, not made until the term following the term of court at which the judgment was rendered, will not lie in the absence of notice to all the parties affected by the judgment.   p. 629.

3. APPEAL.—*Review.—Overruling Motion to Modify Judgment.*— The action of the lower court in overruling a motion to modify a judgment, by striking out that portion rendered on a cross-complaint which tendered issues not germane to the main action, will not be reversed, where appellant was not a party to such cross-complaint and consequently not bound by the portion of the judgment sought to be stricken out.   p. 629.

From Lake Circuit Court; *Willis C. McMahan,* Judge.

Motion by Henry A. Bradford to modify a judgment rendered in an action brought by Lillie S. Baker against said Henry A. Bradford, Mathew McBride and others.   From a judgment overruling the motion, Henry A. Bradford appeals.   *Affirmed.*

*Adrian L. Courtright, Augustin Boice, Lasley & Lasley, Ansel M. Lasley* and *Frank A. Lasley,* for appellant.

*Frank B. Pattee, Frank W. Swett* and *Mary M. Bartelme,* for appellees.

HOTTEL, J.—This is an appeal from a judgment of the lower court on a motion, made by appellant, to modify the judgment in a cause wherein Lillie S. Baker was plaintiff, and appellant, appellees and numerous other parties were defendants.

The suit brought by Mrs. Baker was one to quiet title to lots ten and eleven in block five of an addition to the city of Tolleston, Indiana. Appellees O'Dell and Mathews each filed separate cross-complaints, and appellees Wegg and McBride filed a joint cross-complaint. To each of said cross-complaints plaintiff and defendants to the original complaint, other than appellant, were made defendants, but appellant was not made a party to either of said cross-complaints. Each of said cross-complaints was an action to quiet title to separate and independent lots in said addition to said city, and neither of the lots mentioned or involved in the original action was mentioned therein. On issues formed there was a trial and judgment for the plaintiff upon her complaint and in favor of said cross-complainants on their respective cross-complaints.

This judgment was rendered on May 27, 1909, being the twenty-eighth judicial day of the April term of said court, and quieted the title in and to each lot claimed by the plaintiff and by the respective cross-complainants. On October 9, 1909, being the thirtieth day of the September term of said Lake Circuit Court, said cause was, on motion of appellant, reinstated on the docket, and appellant then appeared specially, and moved that the court modify said judgment so as to eliminate that part of said judgment which quieted title in the respective cross-complainants to the particular lots described in their respective cross-complaints, on the ground that such lots were not described in, or involved in the original complaint, and that the court therefore did not have jurisdiction to render that part of said judgment involving such lots.

Notice of said motion to modify said judgment was served on each of said cross-complainants, November 9, 1909, but, was not served on plaintiff nor any of the defendants to said cross-complaint.

The attorneys for said cross-complainants on September

29, 1910, appeared to said motion, and the court, after hear-
ing the same, overruled said motion and refused to modify
said judgment, to which ruling of the court appellant ex-
cepted, and from this decision appellant appealed.

The transcript and assignment of errors was filed herein
December 24, 1910. Appellant makes each of said cross-
complainants appellees to this appeal, they being the only
parties on whom he served notice of his motion to modify
said judgment. Appellees move to dismiss the appeal; the
grounds of which motion are, in substance, as follows:
(1) This court has no jurisdiction of the appeal because all
of the parties in whose favor the judgment below was ren-
dered and who are affected by the judgment entered in said
court, are not made parties to nor named in the assignment of
errors. (2) Because said motion was not made until one
term after final judgment had been entered and the cause
disposed of in the court below, and such court had no juris-
diction to take any action whatever in the case at the time
the motion to modify was filed. (3) Because appellant,
Henry A. Bradford, is not named as a cross-defendant in
any of the cross-complaints on which decrees were taken
against which he bases his ground of complaint, and he is
not therefore affected or bound thereby.

In his motion to modify said judgment, appellant sets out
the facts above indicated as disclosed by the record, and
avers that he is the owner of the lots described in the several
cross-complaints, title to which was quieted in said respective
cross-complainants.

It is contended by appellees that appellant was not a
party to either of said cross-complaints on which that part
of the judgment which he seeks to strike out was rendered,
and was not affected thereby, and is, therefore, in no position
to prosecute this appeal.

In answer to this contention appellant insists that said
judgment, in so far as it quieted title in the cross-complain-
ants to the respective lots described in their said cross-com-

plaints, was void, and that on account of his being a defendant to the original suit brought by Mrs. Baker a cloud was by such judgment cast on his title to said lots, and that although he was not a party defendant to either of said cross-complaints he was entitled to ask the court to remove said cloud by striking out such parts of such judgment.

There is authority to the effect that one may invoke the jurisdiction of the court in certain instances to obtain relief even from void judgments, but so far as we have been able to find, these cases are all cases where such judgments were in some way being attempted to be enforced or some right or claim was being asserted under such judgment against the party seeking relief therefrom. In view, however, of the conclusion reached in this case, this question is not important.

In support of his contention, that the parts of said judgment which by his motion he sought to strike out were void, appellant asserts that a court has no jurisdiction to adjudicate matters between the litigants outside the issues tendered by the respective pleadings, and that a judgment in so far as it attempts to adjudicate such questions is void. This contention is supported by authority. *Fletcher* v. *Holmes* (1865), 25 Ind. 458, 473; *Unfried* v. *Heberer* (1878), 63 Ind. 67, 73; *Barrett* v. *Cohen* (1889), 119 Ind. 56, 58, 20 N. E. 145, 21 N. E. 322, 12 Am. St. 363; *Reynolds* v. *Stockton* (1891), 140 U. S. 254, 11 Sup. Ct. 773, 35 L. Ed. 464.

In this connection it is further insisted that a cross-complaint must be germane to the cause of action tendered by the complaint, and that a cross-complaint which tenders an issue between the defendants to the complaint, wholly independent of and in noway connected with the cause of action stated in the complaint, should be stricken out and not considered by the court.

This contention of counsel is also supported by authority. *Washburn* v. *Roberts* (1880), 72 Ind. 213, 217; *Pool* v. *Davis* (1893), 135 Ind. 323, 330, 34 N. E. 1130; *Heaton* v. *Lynch*

(1894), 11 Ind. App. 408, 416, 38 N. E. 224; *Buscher* v. *Volz* (1900), 25 Ind. App. 400, 403, 58 N. E. 269.

None of the authorities cited, however, presents the question presented by the record in this case. The record here discloses that the plaintiff to the original action was made defendant to each of said cross-complaints, that said cross-complaints were filed without objection by any of the parties to the action, and the court without objection adjudicated the issues thereby tendered.

We can see good reason for holding that a judgment rendered on matters outside of the issues tendered by the pleadings is void. So, also, can we see good reason for

1.   holding that a cross-complaint should be confined to matters germane to the original action, and that the parties to such action, especially the plaintiff, may insist on the cross-complaint being so limited; but we do not think that it necessarily follows from such holdings that where plaintiff to the original action and all the parties to the cross-complaint allow the filing of such cross-complaint tendering issues not germane to the original action, and then appear to such cross-complaint and file answers thereto and allow judgment to be rendered on such cross-complaint without objection, that such judgment as to such parties is void. A judgment on matters outside of the issues is void because the court has assumed a jurisdiction not invoked by the pleadings of the parties, but no such reason exists for declaring a judgment on a cross-complaint void, which is within the issues of such cross-complaint but on issues not germane to the original action.

The parties to the original action, especially the plaintiff, have the right to insist that the trial of the issue which they tender shall not be delayed by, or confused with, issues tendered by one of the defendants to his action wholly independent of and not germane to the original action, but when all parties acquiesce in the trial of such independent issues,

we do not think it can be said that the judgment rendered thereon is void as to such parties. This conclusion, we think, is in perfect harmony with the cases before cited, and is especially supported by the case of *Fletcher* v. *Holmes, supra.*

But conceding without deciding that under the averments of appellant's motion to modify, and the record on which it is predicated, he had a right to ask the modification of the judgment presented by his motion, it was necessary that the court should determine and adjudicate the question so presented.

The record discloses that this motion was not made until the term following the term of court at which the judgment sought to be modified was rendered. The cause was no longer *in fieri*. Before the jurisdiction of such court, complete as to parties, could be invoked anew in said cause, it should certainly have before it all the parties affected by the judgment sought to be modified, at least all the parties to the cross-complaint on which the part of such judgment sought to be modified was rendered. *Cauthorn* v. *Bierhaus* (1909), 44 Ind. App. 362, 366, 88 N. E. 314.

The record in this case shows that the respective cross-complainants alone were served with notice of the motion to modify. Neither the plaintiff to the original action, nor any of the several defendants to the cross-complaint were parties to such motion.

The court below, therefore, was without jurisdiction to render a judgment on said motion binding on all the parties to the original judgment.

It is conceded that appellant was not a party to either of the several cross-complaints on which that part of said judgment was rendered, which he, by his motion, sought to strike out. The parts of said judgment based on said cross-complaints could not, therefore, bind him,

and any title he may have to real estate included therein, can not be seriously clouded or affected thereby.

Judgment affirmed.

NOTE.—Reported in 96 N. E. 508. See, also, under (1) 23 Cyc. 802; (2) 23 Cyc. 877, 878; (3) 3 Cyc. 233.