STATE EX REL SURPRISE ET AL. *v.* PORTER
CIRCUIT COURT ET AL.

[No. 28,407.   Filed June 25, 1948.   Rehearing denied
October 6, 1948.]

*Albert H. Gavit,* of Gary, attorney for relators.

*Owen W. Crumpacker* and *Edward J. Ryan,* both of Michigan City, attorneys for respondents.

EMMERT, J.—The issues involved in this original action for a writ of prohibition present a question as to an alleged conflict of jurisdiction of the Porter Circuit Court with the Lake Superior Court, Room 5, in its cause No. 54070. On June 12, 1947, Jay E. Darlington as a resident taxpayer of the city of Hammond for and on behalf of himself and all taxpayers of said city, filed an amended complaint in the Lake Superior

Court, Room 1, against the city of Hammond, certain of its then officials and judgment creditors in 58 causes, specifying each by number, to declare said judgments rendered in said court void, and to enjoin their enforcement and payment. Two days later the same plaintiff commenced another action in the Lake Superior Court, Room 5, against the city of Hammond, certain of its then officials and judgment creditors in 43 causes in Lake Superior Court, Room No. 5, for similar relief. The venue in each cause was later changed to the Porter Circuit Court, where they were consolidated for trial.

On June 30, 1947, the plaintiff filed a second paragraph of complaint against all defendants and certain additional parties made defendants in the same cause that had been originally filed in the Lake Superior Court, Room 5, No. 60850. Charles L. Surprise, Trustee, was made an additional party defendant therein, and the second paragraph of complaint contained the following allegation:

> "(q) The last three of the above named defendants, C. Ballard Harrison, Trustee, Warren A. Reeder, Jr., Trustee, and Charles L. Surprise, Trustee, are trustees of certain real estate, bonds or money in a number of *the same causes* in which said money judgments against the city were obtained. Plaintiff says, upon information and belief arising from the records and files in *said causes:* Said trustees have purported, and still purport, to hold, sell and disburse the proceeds of, certain real estate which is covered by the same special assessment rolls and the same bonds and coupons which are the basis of said purported money judgments against said city. Their appointment was procured by some of said same judgment creditors and said trustees have disbursed certain of their trust funds to said judgment creditors. Further, in certain of *said cases*, said trustees purport to act also for said city and to hold or disburse funds for it,

as one of their beneficiaries. Those trusteeships, and said property or money which is in their hands or which they have disbursed as trustees, constitute in part the property or election of remedies referred to in rhetorical paragraph (p) above, as constituting a satisfaction or election of remedies which destroyed the alleged causes of action for *said money judgments* against the city and which rendered said judgments illegal and void. Said trustees have accordingly been made defendants herein to answer and disclose as to said matters and all matters involved in this action." (Italics supplied.)

On the same day the plaintiff also filed a second paragraph of complaint in the Porter Circuit Court in the same cause originally filed in the Lake Superior Court, Room 1, No. 60825, against all defendants and certain additional party defendants, among whom was Charles L. Surprise, Trustee. The allegations concerning Charles L. Surprise were substantially the same as pleaded in cause originally numbered 60850 in the Lake Superior Court, Room 5.

On November 21, 1947, before the conclusion of the trial on the complaints to set aside the judgments against the city of Hammond, Jay E. Darlington, as plaintiff, filed a verified petition which, among other things, alleged the following facts:

"1. There are involved in this action the following special assessments rolls of the City of Hammond in which alleged money judgments were rendered against the City of Hammond in the following cause numbers and amounts:

| Roll | Cause | Amount |
|------|-------|--------|
| 1497 | 53779 | $19,974.56 |
| 1534 | 53781 | 18,087.91 |

Defendant Carl A. Huebner has confessed in open court during the trial of this cause that he committed a gross fraud upon the City of Hammond, its taxpayers, and upon Lake Superior Court in

obtaining said money judgments. The trial is still in progress and the court has not yet adjudged the issues.

"2. The above designated assessment rolls cover Buena Vista Addition to the City of Hammond. A fund of money has arisen from these assessment rolls and is now in the hands of defendant Charles L. Surprise, as Trustee, by virtue of a foreclosure of these assessment rolls against the real estate in said Buena Vista Addition in Cause No. 54070, Lake Superior Court, Room 5 at Hammond. This fund arises from the same rolls above designated, from which the above money judgments arose. The fund arose from the same special assessments which are the subject matter of the above designated judgments. The fund is purportedly for the benefit of the same special assessment bondholders who are defendants in this action, and who are the purported beneficiaries of the above designated fraudulent judgments. Said defendant Carl A. Huebner, who has confessed to obtaining the above money judgments against the City of Hammond and its taxpayers by fraud, is the same attorney who purportedly represented the same bondholders in foreclosing these same assessment rolls, and he still purports to represent them in the attempted disposal of the fund hereinafter complained of. . . .

"4. Accordingly, said funds and the rights of the City of Hammond and its taxpayers with respect thereto are part of the subject matter of this action upon which trial is in progress. Said defendants are attempting to, and will, unless restrained, misappropriate many thousand dollars of said fund to their own use, thereby ousting this Court's jurisdiction over the fund and prejudicing the rights of the parties in the subject matter of this action during this trial, by the following series of acts: . . ."

On November 21, 1947, the Porter Circuit Court found that the court had jurisdiction over the persons of the defendants named in the verified petition for a restraining order and of the subject matter; "that the

fund hereinafter described is part of the subject matter of this action and of the pending trial herein; that the issuance of this order is necessary for its preservation and for the preservation of the jurisdiction of this Court from being ousted by the acts of the defendants hereinafter restrained; . . ." Upon this finding the court made an order restraining Charles L. Surprise, as Trustee, from paying any funds now in his hands as trustee to himself, Carl A. Huebner, Donald Gardner or Clifford A. Etling, and restrained Charles L. Surprise, as Trustee, Carl A. Huebner, Donald Gardner and Clifford A. Etling from in any manner receiving directly or indirectly, any sum of money now in the hands of Charles L. Surprise, as Trustee, of the proceeds of land in the Buena Vista Addition to the City of Hammond.

The relator as an exhibit to his verified petition did file a certified copy of the order of the Lake Superior Court, Room 5, in Cause No. 54070 entitled █ *William R. Griffith et al.* v. *Murray MacLeod, Trustee, et al.*, which in substance shows the court examined and approved the final report of the trustee and allowed certain fees to Charles L. Surprise, as Trustee, Carl Huebner, Donald Gardner and Clifford A. Etling. The relator has not filed with this court any certified copies of the complaint, finding and judgment of the Lake Superior Court, Room 5, in Cause No. 54070 as required by Rule 2-35 of this court.[1] The respondent contends the temporary writ should

[1] "Petitions for writs of mandate and prohibition out of the Supreme Court shall be verified and filed in triplicate. If the relief sought relates to a proceeding in an inferior court certified copies of all pleadings, orders and entries pertaining to the subject matter should be set out in the petition or made exhibits thereto . . ." Rule 2-35, Rules of the Supreme Court of Indiana.

be dissolved for this reason. This rule is one of great importance to enable this court to correctly determine a question of jurisdiction as presented by an original petition.

Whatever jurisdiction the Lake Superior Court, Room 5, had in Cause No. 54070 was invoked by the pleadings in that cause. 21 C. J. S. § 33, p. 42. A certified copy of the finding should have been set forth for, "There is no principle of law more firmly established than that the judgment must follow and conform to the verdict, decision or findings in all substantial particulars." 33 C. J. § 106, p. 1169. A judgment must also conform to the pleadings. "This rule is of universal application, and whether the action or suit is at law, in equity, or under the code, the judgment must be secundum allegata et probata." 33 C. J. § 87, p. 1143. Jay E. Darlington as a taxpayer sought by injunction to avoid the force and effect of some judgment in Cause No. 54070, but this court does not know what that judgment was. If the judgment did not conform to the pleadings and findings, it may have been beyond the jurisdiction of the court to the extent it exceeded these limitations. *Bradford* v. *McBride* (1911), 50 Ind. App. 624, 627, 96 N. E. 508.

However, the Lake Superior Court is a court of general jurisdiction, and its, ". . . judgments, decrees, orders and proceedings shall have the same force and effect as those of the circuit court, . . ." § 4-1113 Burns' 1946 Replacement, Acts 1895, ch. 104, § 11, p. 210; 1945, ch. 306, § 1, p. 1370. Therefore this court may assume that in this cause the Lake Superior Court had jurisdiction of the parties and of the subject matter involved, whatever it was, and jurisdiction to appoint a trustee for

property of some kind, the nature and extent of which not being revealed by the record.

In this original action counsel for both relator and respondent assume that the attacks upon the judgments were for fraud, and the issues in this original action will be determined upon that basis without at this time deciding what should be the determination if this question should be raised upon appeal. The first paragraph of complaint filed in the Lake Superior Court, Room 1, and the first paragraph of complaint filed in the Lake Superior Court, Room 5, each referred to specific judgments by number, and in neither complaint is there any mention of the judgment in No. 54070 entitled, *Griffith et al.* v. *MacLeod, Trustee, et al.,* nor is there any allegation that said judgment is void or voidable for any reason. The second paragraphs of complaint filed in the Porter Circuit Court each failed to attack the judgment in No. 54070 or to have it declared void or voidable. The verified petition for a restraining order likewise fails to attack the judgment as being void or voidable and its issuance was ancillary to the main causes. It is the general rule that the court to which an action is venued acquires the same jurisdiction as the court of origin. *State ex rel. Karsch* v. *Eby, Judge* (1941), 218 Ind. 431, 33 N. E. 2d 336, and cases therein cited. But the jurisdiction of the Porter Circuit Court to issue the restraining order must be limited by the pleadings before it invoking that jurisdiction. 21 C. J. S., § 33, p. 43. In the absence of any pleading alleging the judgment in Cause No. 54070 of the Lake Superior Court, Room 5, was void or voidable in any manner, the Porter Circuit Court was without jurisdiction to issue any restraining order or to interfere in any way with the binding force and effect of that judgment.

The temporary writ of prohibition is made permanent.

Starr, J. not participating.

NOTE.—Reported in 80 N. E. 2d 107.