FLESER ET AL. *v.* ARANJO ET AL.

[No. 18,647. Filed December 29, 1954.]

*Gregg, Fillion, Fillenwarth & Hughes,* and *Arthur H. Northrup,* all of Indianapolis, for appellants.

*William B. Patrick,* of Indianapolis, for appellees.

KENDALL, J.—This action was brought in the lower court for permanent injunction by the appellees to restrain appellants from obstructing or interfering with appellees' use of an alley-way which they allege was vacated by the Board of Public Works of the City of Indianapolis pursuant to §§48-2101 to 48-2124, Burns' 1950 Replacement.

The trial court entered judgment for appellees.

The issues were formed by the amended complaint to which appellants filed a demurrer which was overruled by the court. Appropriate answers were subsequently filed putting cause at issue.

Appellees allege in their amended complaint that they are entitled to the lawful possession of certain premises located at 2021 West Washington Street, Indianapolis,

Indiana, by reason of being the purchasers thereof under contract with its owner, Inez Copestick, on which property they operate a bakery; that immediately west of the alley-way in question are the premises owned by appellants; that on July 20, 1951, Frank Fleser presented to appellees a printed sheet of paper which contained the signatures of both appellants, which petition was addressed to the Board of Public Works of Indianapolis, Indiana; that Mr. Fleser falsely, fraudulently and wrongfully stated to appellees that he was getting signatures on the petition to improve the alley-way in question and maybe black-top it and requested appellees to sign the same, which they did. It was further alleged that appellant Frank Fleser subsequently took the petition to his counsel, and, without knowledge or permission of appellees, falsely, fraudulently and wrongfully caused the counsel to have typed above and below the signatures certain language which changed the nature thereof from a petition to improve to a petition to vacate which was filed with the Board of Public Works and that as a result of the false representations, the Board of Public Works, acting on the belief of appellants' false representations, passed the resolution to vacate.

Appellants filed motion for new trial containing nine specifications, the first two of which allege that the decision is not sustained by sufficient evidence and is contrary to law. The appellants' assignment of errors contain twelve specifications. Specification number five has been disposed of by a decision of the Supreme Court in the case of *Fleser et al.* v. *Aranjo et al.* (1954), 233 Ind. 694, 121 N. E. 2d 879.

The only other proper specification is specification number ten which is, "The court erred in overruling appellants' motion for new trial."

For a proper determination of the issue involved, it is necessary to direct our attention to the resolution as adopted by the Board of Public Works and consider the contents thereof with the judgment rendered upon the pleadings filed wherein appellees sought injunctive relief to prevent the performance of the resolution. The resolution is as follows:

"DECLARATORY RESOLUTION<br>"NO. 16886  1951

"RESOLVED, By the Board of Public Works of the City of Indianapolis, Indiana, that it is desired and deemed necessary to

VACATE: FIRST ALLEY EAST OF BELMONT AVENUE.

FROM: S.P.L. OF WASHINGTON STREET.

TO: N.P.L. OF WEST MARYLAND STREET.

"The proposed vacation being more particularly described as follows:

"The proposed vacation being of the uniform width of fifteen (15) feet and extending from the south property line of Washington Street to the north property line of Maryland Street. Said fifteen (15) foot alley being in its entirety off the east side of Lot 2 in Muir's Subdivision. Said Muir's Subdivision shows an alley fifteen (15) feet in width east of and adjoining the east property line of said Lot 2. Said plat does not show the alley sought to be vacated. Said Muir's Subdivision recorded in Plat Book 1, page 127 in the Recorder's Office of Marion County, Indiana.

"The property beneficially or injuriously affected by the proposed vacation, being the abutting property and when vacated the same will revert to the abutting property on the west side of said alley.

No utility easement required.

Be it further resolved that the above described alley be and is hereby vacated, and will revert to

the abutting property on the west side of said alley."

The judgment entered by the trial court in this case is as follows:

"Upon the finding heretofore made and entered in this case, it is decreed as follows:

"Defendants are ordered to restore the north half of said alley in question to its former condition so as to afford free ingress and egress by driving in and backing out to plaintiffs and their customers; said half to be one-half ($\frac{1}{2}$) the distance of said alley from south curb line of Washington Street to the north curb line of Maryland Street, said alley being more particularly described as follows:

"15 feet by parallel lines off the entire east side of Lot No. 2 in William Muir's Subdivision in the City of Indianapolis, as per plat thereof recorded in Plat Book 1, page 127, in the office of the Recorder of Marion County, Indiana.

"Said lien and easement and use by plaintiffs to terminate and end at the end of twenty years from this date; and defendants are to remove all obstructions of posts, etc., in said north half area and at its north entrance, and to keep same clear of any obstruction or parked cars.

"And plaintiffs are awarded Five Hundred Dollars ($500) damages from defendants and their costs."

The theory of appellees' complaint is that of fraud in that appellants by false representation secured appellees' signatures to a petition to improve an alley-way which was later changed to a petition to vacate which was subsequently filed with the Board of Public Works, and that when the petition was so filed in its altered form for all intents and purposes actually wrongfully represented to the Board that appellees were in favor

of vacating the alley-way and that the signatures on the petition were the only property owners abutting on the thoroughfare.

The sole question for determination of the trial court was whether or not the Board of Public Works erred in vacating the alley-way. If the adoption of the resolution was erroneous, then the appellees were entitled to injunctive relief as prayed for. If the adoption of the resolution was correct, then, and in that event, relief should have been denied. The court could either accept or reject the resolution adopted by the Board of Public Works. By the nature of the issues presented, the court could not accept the resolution in part and deny in part or enlarge upon the scope of the issues for the purpose of rendering the judgment. When the matter was before the Board of Public Works there was one issue before them, viz., either vacating or not vacating the strip of ground designated as an alley. From the judgment rendered, a new issue was injected thereto. The court awarded appellees a lien or easement for the use of the north half of said alley-way for a period of twenty (20) years from date of rendition and an order closing the north half; the court further rendered judgment for damages in favor of appellees in the sum of Five Hundred ($500.00) Dollars. The first time that these issues were raised was in the rendering of the final judgment by the court. We believe that such a judgment is without the issues presented to the trial court. A judgment to be valid and binding must be made upon the issues as they are presented, and, if not, the same is erroneous. *The Wayne Pike Company* v. *Hammons et al.* (1891), 129 Ind. 368, 27 N. E. 487.

There is nothing in the resolution as adopted by the Board granting an easement for twenty (20) years or

awarding damages for any sum of money. The Board vacated the entire strip of ground fifteen (15') feet wide and extending from the south property line of Washington Street to the north property line of Maryland Street. The general rule is that judgments based upon issues not presented by the pleadings are *coram non judice,* and, therefore, are void. In fact, courts are powerless to render judgments until the matter under consideration is called into exercise by the issue presented. Nothing can be taken by intendment: *The Town of Freedom* v. *Norris* (1891), 128 Ind. 377, 27 N. E. 869.

In the case of *Moore* v. *Moore* (1922), 81 Ind. App. 169, 135 N. E. 362, the court, by a majority opinion, said:

"No question of law is better settled than that a judgment which a court attempts to enter upon an issue which is not presented is a nullity." *Wagoner National Bank* v. *Welch* (1908), 164 F. 813; *Boardman et al.* v. *Griffin* (1875), 52 Ind. 101.

The reason for such rule is that a court has no jurisdiction to pass upon questions not submitted to it for a decision. The present action was brought for injunctive relief to restrain appellants from carrying out the effect of a resolution adopted by the Board of Public Works in its entirety. We conceive of no sound reason by which the court could modify, amend or supplement the resolution for which the appellees brought suit to enjoin the enforcement thereof.

After the judgment was rendered, the appellants filed motion to modify the same, one specification being as follows:

"2. Defendants object to paragraph 2 and the words, 'Five Hundred Dollars ($500.00) damages from defendants' in paragraph 3 of said decree on the ground that it is beyond the jurisdiction of

the court partially to reverse the legislative decree of the Board of Public Works of the City of Indianapolis to vacate all of said alley or to award plaintiffs damages against defendants when the only damages to plaintiffs, if any, resulted from said vacation."

The court's attention was called specifically to the fact that a portion of the judgment went beyond the jurisdiction of the court in reversing partially the resolution as adopted by the Board.

The proposition that a judgment of a court having jurisdiction of the parties and the subject matter is conclusive, has become a settled maxim of law; however, this means nothing more than that such judgment is conclusive upon all questions which were or might have been properly litigated and determined within the issue before the court.

In the case of *McFadden et al.* v. *Ross et al.* (1886), 108 Ind. 512, 8 N. E. 161, the court said:

"Neither reason nor authority lends any support to the view, that because suitors have submitted certain designated matters to the consideration of a court, the tribunal is thereby authorized to determine any other matter in which the parties may be interested, whether it be involved in the pending litigation or not."

" 'Persons, by becoming suitors, do not place themselves for all purposes under the control of the court, and it is only over those particular interests which they choose to draw in question that a power of judicial decision arises.' "

An examination of the complaint and the pleadings show that no mention of a lien or easement for any specific number of years was involved or mentioned. Neither was the question of closing only a portion of the alley; neither was the question of damages. The element of damages first arose in the trial court. We recognize the rule that the right to recover depends

not only upon the prayer (which in this case they did not seek relief as awarded), but upon the scope of the pleadings and the issues thus made. Relief to be awarded by judgment is limited to that sought by the pleadings.

In other words, a judgment to be valid and binding must conform to both pleadings, proof and be in accordance with the theory of the action upon which the pleadings are framed and case tried.

In the recent case of *State ex rel. Surprise* v. *Porter Circuit Court* (1948), 226 Ind. 375, 80 N. E. 2d 107, the court said:

" 'There is no principle of law more firmly established than that the judgment must follow and conform to the verdict, decision or findings in all substantial particulars.' " 33 C. J., §106, p. 1169.

. . .

" 'This rule is of universal application, and whether the action or suit is at law, in equity, or under the code, the judgment must be *secundem allegata et probata.*' "

In this case the judgment does not conform to, neither is it supported by the pleadings and the issue involved for the court to determine which we deem requisite. *Searle* v. *Whipperman* (1881), 79 Ind. 424; *Wilkerson et al.* v. *Rust* (1877), 57 Ind. 172. We therefore hold that the issue as found by the court upon which judgment was rendered was not properly before the court. The court did not have jurisdiction to adjudicate matters between the parties outside the issues tendered by the respective pleadings in view of the fact that the appellees brought this action for the specific purpose of enjoining the enforcement of a resolution duly adopted by the Board of Public Works to vacate an alley-way, the terms of which are undisputed. A judg-

ment in so far as it attempts to readjudicate such matter is void. *Bradford* v. *McBride* (1911), 50 Ind. App. 624, 96 N. E. 508; *Fletcher* v. *Holmes* (1865), 25 Ind. 458.

Judgment reversed with instructions to sustain appellants' motion for new trial.

Achor, J., not participating.

Royse, P. J., not participating.

NOTE.—Reported in 123 N. E. 2d 248. (See opinion transferring cause, 233 Ind. 694, 121 N. E. 2d 879.)