NEWTON ET AL. *v*. BD. OF TRUSTEES FOR THE
VINCENNES UNIVERSITY.

[No. 20,676. Filed March 26, 1968. No petition for rehearing filed.]

*Ramsey & Ramsey, Harvey Ramsey, Emison & Emison, Rabb Emison,* and *Robert P. Doolittle, Jr.,* all of Vincennes, for appellants.

*Hart, Ledford & Bell, Donald G. Bell,* and *Curtis G. Shake,* all of Vincennes, for appellee.

COOPER, J.—The Appellee herein brought this action for specific performance of an option to purchase real property from the Appellants, the defendants below.

It appears that the Appellee's complaint for specific performance of an option to purchase was filed in July of 1965, and it averred, in substance, that the defendants had executed and delivered to the plaintiff an option for the purchase of certain real property located in Illinois and owned by the

defendants. The appellee further averred that they had extended the terms of the option for the purchase of said property, that they had extended the terms of the option and had notified the defendants of their intention to exercise the option. The Appellants refused to execute and deliver the warranty deed and the Appellee sought judgment of specific performance.

The defendants filed an answer in accordance with Supreme Court Rule 1-3, and thereafter they filed a special answer. The special answer alleged that the option had been abandoned and cancelled by the parties, and also asserted a counterclaim alleging fraud on the part of the plaintiff and anticipatory repudiation of the option by the plaintiff. The plaintiff thereafter filed a reply to the special answers and a general answer to the counterclaim.

After the issues were closed, the cause was submitted to the court for trial, and after the conclusion of all the evidence, the court entered its special findings of fact and conclusions of law, which found for the Appellee upon its complaint and against the Appellants upon their counterclaim. The court thereafter entered judgment on its said findings and conclusion.

Within the required statutory time, Appellants filed their motion for a new trial. The trial court granted argument thereon and took the same under advisement. It appears from the record that prior to the trial court's ruling on the Appellants' motion for new trial, the Appellee filed a motion to modify the judgment to make it conform to the special findings of fact and conclusions of law. Said motion was granted and thereafter the court modified its judgment. It appears that the court later overruled the Appellants' motion for a new trial.

The Appellants' motion for a new trial reads as follows:

"Defendants, and each of them, within thirty (30) days from the time when the decision in this cause was announced

now move the court for a new trial herein on each of the following grounds:

"1. The decision of the Court is not sustained by sufficient evidence.

"2. The decision of the court is contrary to law.

"3. Error of law occurring at the trial, as follows: By failing to sustain the motion of the defendants at the conclusion of the plaintiff's evidence, which motion was renewed at the conclusion of all the evidence for a finding for the defendants."

The Appellants' Assignment of Errors in this Court assigns as error the following:

"1. The court erred in overruling Appellants' motion for a new trial.

"2. The court erred in sustaining the Appellees' motion to amend the judgment filed at a term subsequent to the term in which the judgment was rendered, which motion prayed for a substantial change in the judgment.

"3. The court erred in rendering a judgment which was not in conformity with its decision.

"4. The court had no jurisdiction over the subject matter of the action."

The Appellants in their first assignment of error state that "The Court erred in overruling Appellants' Motion for a new trial." However, we are of the opinion that this alleged error presents nothing to this court for our consideration.

It appears from the record now before us that the Appellants' Motion for New Trial was filed on August 31, 1966, at a time when the trial court was in vacation, and on September 17, 1966, during the September term of the Knox Circuit Court the Appellee filed its motion for the amendment of the judgment and to modify the decree which had been entered on August 8, 1966, during the August term of the court. The trial court later, on October 14, 1966, during the September term of the court, entered an order granting the motion to amend the judgment and later overruled the Appellants' Motion for a New Trial. The Appellants did not file a subse-

quent Motion for a New Trial after the judgment was amended.

We find the general rule applicable to such situations in Wiltrout, Indiana Practice, Vol. 2, Sec. 1784, at page 561, stated as follows:

"The Appellate Court has held that where the court, following the filing of a motion for a new trial, opens and amends the judgment, even though the new judgment is substantially similar to the original judgment, a second motion for a new trial is properly addressed to the amended judgment. The overruling of the first motion may not be presented as error on appeal."

Our Court passed on a similar question in the case of *Hedworth* v. *Chapman, et al.* (1963), 135 Ind. App. 129, 131, 192 N. E. 2d 649. In that case we find the following:

"Following the appellants' motion for a new trial, the court on its own motion opened and entered an amended judgment, substantially similar to the original judgment. *The appellants' motion for a new trial addressed to this last decision is the determining factor as to the questions presented to us in this appeal. We will consider the assignment of errors based upon the second motion for a new trial. . . .*" (Emphasis ours).

Therefore, we are of the opinion that the proper procedure to have saved the errors advanced in the first motion for a new trial would have been for the Appellants to have filed a second motion for a new trial after the original judgment had been opened and amended, or modified, and to have renewed the averred errors charged in the original motion for new trial.

The second error raised in the Appellants' assignment of errors was the sustaining of the motion to amend the judgment in a subsequent term of court from that in which the judgment was rendered. The trial court rendered its judgment during the August term of the Knox Circuit Court. The Appellants' Motion for a New Trial was filed

on August 31, 1966, which was during vacation time. However, the ruling on the motion for a new trial was not made until the September term of the Knox Circuit Court. We are of the opinion that the filing of a motion for a new trial kept the cause *in fieri*, and that the judgment was subject to alteration or amendment until such time as the court ruled on the pending motion for a new trial. The filing of a motion for a new trial within the time allowed by the statute automatically extends the court's jurisdiction until such time as the court rules on the motion.

In the recent case of *State ex rel. Rans, etc.* v. *St. Joseph Superior Court, etc.* (1964), 246 Ind. 74, 4 Ind. Dec. 102, 104, 201 N. E. 2d 778, 779, our Supreme Court stated:

> "We may reason in this case from the firmly established principle of common law that a trial court retains full and complete control of its records in an action during the term at which it enters a final judgment. Throughout the remainder of that term after the judgment is entered, the trial court may, upon its own motion or that of a party, correct, modify or vacate its judgment. The cause is said to be *in fieri* and in the breast of the court, and subject to the inherent judicial power of the court to alter or amend the judgment. 17 I.L.E. Judgments, Sec. 161, p. 269; *Clouser et al.* v. *Mock, et al.* (1959), 239 Ind. 143, 155 N. E. 2d 745; *Jurdzy* v. *Liptak* (1962), 243 Ind. 1, 180 N. E. 2d 530.

> "On the other hand, it has generally been held that a case is no longer *in fieri* after the term has expired within which a judgment is rendered, and after term there is no longer any authority on the part of the court to set aside or change the judgment under the common law. *Jurdzy* v. *Liptak, supra,* at pp. 3, 4, 180 N. E. 2d at page 531.

> "The judgment in this case was entered on June 27, 1963, in the May term. Normally, the jurisdiction of the court over that judgment, so far as modification, amendment, etc., ended in the May term in which it was rendered. However, the *filing of a motion for a new trial within the time provided by the statute automatically extends the Court's jurisdiction until the court may rule upon the motion for a new trial.* 22 I.L.E. New Trial, Sec. 124, p. 108" (emphasis ours).

The third error assigned by the Appellants was that the "Court erred in rendering a judgment which was not in conformity with its decision."

We find the general rule of law applicable well stated in the case of *Spivey* v. *Frazee and others* (1856), 7 Ind. 661, 662, as follows:

> "When a bill contains a prayer for general as well as a special relief, the court may mould the decree to meet the case made in the record."

Also, in the case of *State ex rel. Suprise et al.* v. *Porter Circuit Court, et al.* (1948), 226 Ind. 375, 80 N. E. 2d 107, our Supreme Court held:

> "There is no principle of law more firmly established than the judgment must follow and conform to the verdict, decision or findings in all substantial particulars. 33 C.J.S. Sec. 106, p. 1169; 49 C.J.S., *Judgments* sec. 55. A judgment must also conform to the pleadings. This rule is of universal application, and whether the action or suit is at law, in equity, or under the code, the judgment must be *secundum allegata et probata*, 33 C.J.S. Sec. 87, p. 1143; 49 C.J.S., *Judgments*, Sec. 48." Also see *Fleser et al.* v. *Aranjo et al.* (1954), 125 Ind. App. 160, 168, 123 N. E. 2d 248.

It appears from the record that the court found, in substance:

> ". . . for the plaintiff upon the plaintiff's complaint, and against the defendants upon their counter claim filed herein. That the plaintiff's request for judgment and for specific performance of the option sued upon should be granted. That the defendants should be ordered to furnish an abstract of title, and that the defendants should be required to execute and deliver to the plaintiff upon the payment of the consideration as prayed for in the plaintiff's complaint."

It further appears from the record that the following modified judgment followed said finding:

> "Comes now Board of Trustees for Vincennes University, plaintiff, by its president and by counsel, and comes also

Katherine R. Newton and John P. Newton, defendants, in person and by counsel. This cause having been submitted to the court for trial, finding and judgment, without the intervention of a jury under plaintiff's complaint and defendants' answer in four paragraphs and plaintiff's reply in three paragraphs to defendants' affirmative answers, and the court, having heard all the evidence, including direct testimony of witnesses on behalf of parties hereto, depositions and conditional examinations of witnesses and written exhibits, having taken this cause under advisement at the conclusion of the trial thereof on July 13, 1966, and being duly and sufficiently advised in the premises, now finds as follows:

"1. That the material allegations of the plaintiff's complaint are true and the court finds for the plaintiff and against the defendants, and each of them, under plaintiff's complaint and finds for the plaintiff and against the defendants, and each of them, on the defendants' counterclaims.

"2. That defendants furnish plaintiff an abstract of title continued to date covering the real estate which was the subject of this action.

"3. That plaintiff after examination of said abstract, either accept the title as disclosing that the defendants or either of them, are the owners in fee simple of a record merchantable title to said real estate, or designate in writing to the defendants, the particular objections to or defects in said title; that in the event actions must be taken to clear title to said real estate, the defendants shall do so promptly and within a reasonable time and after receiving written designation of any such objections or defects.

"4. That upon the plaintiff being furnished with evidence of a good and merchantable title to said real estate, it shall pay to the defendants, $60,000 in cash, $40,000 as payment for the real estate involved and $20,000 as payment for timber rights on said real estate, and simultaneously therewith, defendants shall execute a warranty deed to plaintiff conveying all of said real estate free and clear of any and all liens and encumbrances.

"It is, therefore, ordered, adjudged and decreed by the court that the plaintiff recover judgment under its complaint and under each of the defendants' counter-claims.

"It is further ordered, adjudged and decreed by the court that the defendants furnish plaintiff with an abstract of title continued to date covering the real estate which was

the subject of this action within a reasonable time hereafter and that within a reasonable time after receiving said abstract of title, the plaintiff either accept said title as being merchantable or designate in writing to the defendants its objection to said title, that within a reasonable time after being advised in writing of the plaintiff's objections to said title, the defendants cause said objections to be cured, so that defendants, or either of them, are the holders of a good and merchantable title in fee simple to said real estate.

"It is further ordered, adjudged and decreed by the court that upon evidence of a good and merchantable title in fee simple being presented by the defendants, that the plaintiff pay to the defendants the sum of $60,000 in cash, $40,000 as payment for the real estate involved and $20,000 as payment for the timber rights on said real estate, and simultaneously therewith the defendants convey to plaintiff by warranty deed all their right, title and interest in and to the real estate which was the subject of this action, free and clear of all liens and encumbrances:

to-wit:

Part of Locations 20 and 21 in Township 3 North, Range 10 West, bounded and described as follows: Beginning on the northeast line of said location 21, 31.50 chains east and 20.32 chains south 46 degrees 45 minutes east from the northeast corner of the northwest quarter of fractional section 8, Township 3 North, Range 10 West of the Second Principal Meridian, thence south 46 degrees 45 minutes east along said northeast line of said location 21, 96.00 chains to the low water mark of the Wabash River; thence southwesterly, along said low water mark of the Wabash River 21.0 chains; thence north 46 degrees 45 minutes west 98.0 chains; thence north 02 degrees 00 minutes east 3.01 chains; thence north 04 degrees 00 minutes east 3.01 chains; thence north 12 degrees 00 minutes east 3.80 chains; thence north 19 degrees 00 minutes east 4.50 chains; thence north 22 degrees 00 minutes east 7.20 chains to the place of beginning, containing 185.25 acres, more or less, including therewith the old mill or granary located to the south of new U.S. Highway No. 50 and the small tract of real property contiguous thereto. Subject to any and all right of way granted to the State of Illinois or other Government agencies for highway purposes, EXCEPTING HOWEVER, that portion of the afore described real

property, which lies east and south of Illinois highway No. 33, containing 7 acres more or less along the Wabash River. The plaintiff, Board of Trustees of the Vincennes University shall have easements of ingress and egress across the above-described 7 acre tract between the river and said Highway No. 33; also all rights of way, access and easements pertinent to said real estate.

All of said real estate above described and referred to being situated in Lawrence County, State of Illinois.

"It is further ordered, adjudged and decreed by the court that the defendants pay the cost of this action."

The last assigned error is that "The court had no jurisdiction over the subject matter of the action." The Appellants contend that the Knox Circuit Court lacked jurisdiction over the subject matter and, therefore, was incapable of granting the relief prayed for in the complaint. The real property is located in Lawrence County, in the State of Illinois. The defendants reside in Vincennes, Indiana.

The Supreme Court of Indiana in the case of *State, ex rel. Dean, et al.* v. *Tipton Circuit Court, Wheatley, Judge* (1962), 242 Ind. 642, 653, 181 N. E. 2d 230, 235, held:

"Jurisdiction has been defined as 'the legal power, as distinguished from the right, to entertain any matter or proceeding, and to act therein.' *State ex rel. Wilson, etc.* v. *Howard Cir. Ct., etc.* (1957), 237 Ind. 263, 267, 145 N. E. 2d 4, 6.

"Venue is the geographical location where the particular case should be tried. 92 C.J.S. *Venue*, Sec. 1, p. 667.

"Jurisdiction has been held to embrace three essential elements in this State: '(1) jurisdiction of the subject matter, (2) jurisdiction of the person, and (3) jurisdiction of the particular case.' *State ex rel. Johnson* v. *Reeves, Judge, etc., et al.* (1955), 234 Ind. 225, 228, 125 N. E. 2d 794, 796.

"Since the respondent court had jurisdiction of the class of cases to which the case at bar belongs, it had jurisdiction of the subject matter of the action herein. *State ex rel. Johnson* v. *Reeves, Judge, etc., et al., supra.*

"There is no question that the respondent court had jurisdiction of the person, in as much as the relators filed their

answer to the petition, and, in addition, sought affirmative relief from said court. *State ex rel. Johnson* v. *Reeves, Judge, etc., et al., supra.*

"In regard to jurisdiction of the particular case, this court has stated that timely and specific objection must be made to the lack of jurisdiction over the particular case where the court has jurisdiction of the general class of cases (i.e., subject matter), otherwise the objection is waived. *State ex rel. Johnson* v. *Reeves, Judge, etc., et al.* (1955), 234 Ind. 225, 125 N. E. 2d 794; See also: Lowe's Rev., Works' Ind. Pract., Vol. 1, Sec. 5.15, p. 139.

"There is nothing in the record to indicate that the relators made any timely objection below as to the respondent court's jurisdiction of the particular case, i.e., that the action had been brought in the wrong county.

"The statute, Acts 1881 (Spec. Sess.), ch. 38, Sec. 30, p. 240, being Sec. 2-701, Burns' 1946 Replacement, which provides that actions affecting real estate must be brought where the land is located defines the venue of such actions, that is, the geographical location where the particular case should be tried. However, any question regarding any action brought in the wrong county is waived without proper objection. Acts 1911, ch. 157, Sec. 3, p. 415, being Sec. 2-1011, Burns' 1946 Replacement; *State ex rel. Allman* v. *Grant Superior Court* (1939), 215 Ind. 249, 19 N. E. 2d 467."

See also, *Light* v. *Doolittle, et al.* (1921), 77 Ind. App. 187, 133 N. E. 413, and authorities cited therein.

From the language as set out in the foregoing case, it is obvious that the Appellants should have objected to the jurisdiction of the particular case, and not to the court's jurisdiction over the subject matter. Since it appears from the record that no objection to the court's jurisdiction of the particular case was timely made, any possible error is waived.

For all of the reasons heretofore discussed, we are of the opinion that the judgment of the trial court should be affirmed.

Judgment affirmed.

Carson, C. J., Faulconer and Prime, JJ., concur.

NOTE.—Reported in 235 N. E. 2d 84.