EILTS ET AL. *v.* HINES ET. UX., ET AL.

[No. 669A98. Filed December 23, 1969.]

*R. D. Reading,* of Wabash, for appellants.

*Charles R. Tiede, Plummer, Tiede, Magley & Metz,* of Wabash, *Sarah Kelton Browne,* of North Manchester, for appellees.

PER CURIAM—On October 31, 1969, the appellees, by counsel, filed a motion to dismiss this appeal, or in the alternative to affirm the judgment below, for the following reasons:

1. That upon the petition of appellants herein, this court entered an order on June 18, 1969, extending the time within which to file the transcript and assignment of errors to and including July 21, 1969.

2. That appellants failed to file the transcript and assignment of errors in the office of the clerk of this court on July 21, 1969, but filed the same on July 22, 1969, as evidenced by the "Filed" stamp of the clerk upon said transcript and assignment of errors.

3. That under Rule 2-2 of the Supreme Court, this court has no jurisdiction of an appeal unless the transcript and assignment of errors is timely filed.

4. That the sole error assigned by the appellants for reversal is that the trial court erred in overruling appellants' motion for a new trial.

5. That no motion for a new trial was filed by the appellants subsequent to the entry of a final judgment by the trial court on March 21, 1969.

6. That the trial court entered judgment in favor of the appellees and against the appellants on the 27th day of January, 1969, which judgment was later modified on March 21, 1969.

7. That appellants filed a motion for a new trial on February 26, 1969, which was within 30 days of the date of the final judgment entered on March 31, 1969.

8. That in accordance with Rule 1-14A of the Supreme Court, appellants were required to file their motion for a new trial within 30 days of the judgment of the trial court entered on the 21st day of March, 1969, or, on or before April 21, 1969, and that said appellants had failed to do so.

It is the opinion of this court that because the transcript and assignment of errors were not timely filed in accordance with the provisions of Rule 2-2 of the Supreme Court, this appeal should be dismissed.

It is, therefore, ordered, decreed and adjudged that this appeal is hereby dismissed, costs assessed against the appellants.

### ON APPELLEE'S MOTION TO DISMISS OR AFFIRM

PER CURIAM—This matter is before us on the appellees' Motion to Dismiss or Affirm. Said motion sets forth, in substance, the following:

1. That the sole error assigned by the appellants for reversal is that the trial court erred in overruling appellants' Motion for New Trial.

2. That the trial court entered judgment in favor of the appellees and against the appellants on January 27, 1969. That the appellants filed a Motion for New Trial on February 26, 1969.

3. That on March 21, 1969, the Court modified its original judgment.

4. That the appellants did not file a second motion for new trial after the judgment was modified on March 21, 1969.

The single assignment of error on appeal is that the Court erred in overruling the appellants' motion for new trial. The single specification of error in the motion for new trial is that the decision of the Court is contrary to law.

The appellees argue that the appellants' failure to file a motion for new trial subsequent to the trial court's entry of a modified judgment on March 21, 1969, results in their

presenting no question for review by the assignment of error that the trial court erred in overruling appellants' motion for new trial filed on February 26, 1969.

This Court has held that when a trial court opens and amends a judgment, after a motion for new trial has been filed, a second motion for new trial should be addressed to the amended judgment. *Newton* v. *Board of Trustees for Vincennes University* (1968), 142 Ind. App. 391, 235 N. E. 2d 84, and cases cited therein; *Hunter* v. *Hunter* (1969), 247 N. E. 2d 236.

In the *Newton* case the appellants did not file a second motion for new trial after the original judgment was amended. This Court held as follows:

"(2) Therefore, we are of the opinion that the proper procedure to have saved the errors advanced in the first motion would have been for the Appellants to have filed a second motion for a new trial after the original judgment had been opened and amended, or modified, and to have renewed the averred errors charged in the original motion for new trial."

By reason of the authority of the *Newton* case and the *Hunter* case, this Court is of the opinion that the appellants have presented no question for review by the assignment of error that the trial court erred in overruling the motion for new trial.

The appellees' Motion to Dismiss is sustained; costs vs. appellants.

Sullivan, J., dissents with opinion in which White, J., concurs.

### DISSENTING OPINION

SULLIVAN, J.—I must respectfully dissent from the per curiam opinion dismissing this appeal. While I do not wish to unduly burden the official reports by unnecessary verbiage a brief recital of the essential facts are deemed necessary to the proper determination of the cause.

On March 13, 1962, defendant-appellee Homer Kester executed and delivered a Warranty Deed to plaintiffs-appellants Eilts, husband and wife. Thereafter, Mr. and Mrs. Eilts sued Kester and several other defendants to evict them from a part of the real estate described in that deed. Of the five defendants only Kester, the grantor, counterclaimed praying for reformation of the deed to correct an alleged error in the description in that deed. After a trial to the court, the judge signed, on January 27, 1969, an entry as follows:

> "The Court now finds for the Defendants and against the Plaintiff on the Complaint, and for the Defendants and against the Plaintiff on the counterclaim, all as per written order filed, to-wit:
>
> * * *"

The "written order" began with the normal caption of any pleading in the case and bore the title "Judgment." It was, however, both a detailed and lengthy finding followed by an equally lengthy judgment. A part of that judgment ordered the plaintiffs to "execute a corrective Quitclaim Deed to the Defendants Asa Ray Hines and Mildred Marie Hines, husband and wife." It is to be noted that the grantees of this "corrective quitclaim deed" were neither the counter-claimant nor the plaintiffs' grantor whom the court found had made the mistake which the quitclaim deed was to correct. The defendant Homer Kester was the counter-claimant and the grantor who had made the mistake.

On February 26, 1969, the thirtieth day following the original finding and judgment, the plaintiffs filed their motion for new trial predicated solely upon the specification "[t]hat the decision of the Court is contrary to law." The memorandum to that motion was as follows:

> "The decision is contrary to law in the following particulars:
>
> "1. It is not sustained by sufficient evidence.
>
> "The Court in its decision states that 'Defendants Asa Ray Hines and Mildred Marie Hines, husband and wife,

have been the owners of the entire real estate hereinabove described, except the North two Hundred (200) feet thereof, since on or about Nobmer (sic) 30, 1961.'

"Use of the unqualified word, own or owner, denotes unqualified ownership; however, the highest evidence of ownership is the record title. *Sheets* v. *Stiefel,* 117 Ind. App. 585, at 590. The uncontroberted (sic) evidence in the case showed that the time of the conveyance from Homer Kester to the Plaintiffs on March 13, 1962, Defendant Hines did not have nor had they ever had legal title to all or any portion of the subject real estate.

"2. That the Court has directed the Plaintiffs to execute a corrective quitclaim deed to Defendants Asa Hines and Mildred Marie Hines and in the event they shall not have done so within ten (10) days of the entry of judgment, a commission is designated and appointed to do so on behalf of the Plaintiffs.

"This is relief which was not sought by either Plaintiffs or Defendants. The Defendants Hines, although party defendants to the action, filed no pleading requesting a reformation of the deed in their favor; nor did they ask relief in the manner of having Defendant Kester being ordered to convey to them in the event that the Court awarded Defendant Kester the relief he sought. It is contrary to the law of this jurisdiction to afford relief to any party who has sought no relief nor on whose behalf has any relief been sought.

"3. That relief was not available to Defendant Homer Kester because of his negligence in preparation of the deed in question. (*Toop* v. *Snyder* 70 Ind. 554; also that he had actual notice of the quiet title suit, as against the world concerning the world."

On March 21, 1969, a new entry was signed by the judge and recorded. It was titled "Modified Judgment." In nearly every respect it was a carbon copy of the entry of January 27, 1969. It contained the same recital of appearances, issues, trial, findings and judgment with only one significant change—defendant Kester was made the sole grantee of the corrective deed which plaintiffs were ordered to execute.

At first blush it would appear that the modified judgment renders moot the allegation of error contained in rhetorical

paragraph 2 of appellants' memorandum attached to their motion for new trial. That argument, however, could at best be viewed as an attack that the *judgment* (not the decision or findings) was contrary to law. Such argument or specification has no place in a motion for new trial and is proper only as a basis for a motion to correct the judgment. As stated in *State, ex rel. Drudge* v. *Davisson* (1910), 174 Ind. 705, 706, 93 N. E. 6:

> "* * * A new trial of the cause can effect no relief in cases where the imperfection complained of is rooted in the form or substance of the judgment."

To the same effect are *Newkirk* v. *Watson* (1928), 87 Ind. App. 473, 161 N. E. 704, and *Leikauf* v. *Grosjean* (1928), 87 Ind. App. 603, 162 N. E. 239, in which this court accurately distinguished between a "decision" and a "judgment." The remaining two legal arguments contained in appellants' memorandum remain unaffected by the judgment modification.

In *Hunter* v. *Hunter* (1969), 247 N. E. 2d 236, 238, Judge White wrote a dissenting opinion in which I concurred. That opinion, in my view, correctly reflects the law of Indiana and accurately pinpoints the error contained in the per curiam opinion handed down today in this cause. I would particularly refer to and rely upon the following language from that opinion at page 238:

> "The result reached by the Court's opinion is premised on the implied assumption that the appellants' motion for new trial was rendered moot by the trial court's later modification of its judgment. The Court would thus require appellants to file a second motion for new trial in order to save for appeal any error committed in overruling the first motion for new trial. Because the appellants failed to file a second motion, the majority is dismissing the appeal without deciding whether the first motion for new trial cited errors which were not cured by the modification of the judgment.
>
> "I cannot concur in the *per curiam* opinion because, in my understanding of the Indiana statutes and the Supreme Court of Indiana case law, a motion for new trial is directed

to the *verdict* or *decision* on which the judgment itself is based and not to the judgment. This distinction is made clear by the statutes, rules, and cases regarding the time in which motions for new trial must be filed."

In the *Hunter* case, Judge White's dissent noted further on page 242 that:

"* * * all the appellees' motion shows us is that 'the trial court entered *judgment* in favor of appellees and against the appellants on the 29th of September, 1967 * * * which judgment was later modified on the 13th of December, 1967 * * * [and that] appellants filed a motion for new trial on the 27th of October, 1967 * * *' and filed no new motion for new trial after the December 13th judgment.

"The motion to dismiss does not show when the *decision* of the trial court was rendered. * * *"

Similarly, in the cause before us appellees' motion to dismiss or affirm merely alleges that a *judgment* was entered January 27, 1969, which *judgment* was later modified on March 21, 1969, and that although appellants filed a motion for new trial on February 26, 1969, within thirty days from the date of the original judgment, no new motion for new trial was filed subsequent to March 21, 1969. In conclusion, it seems basic to me that as stated by Judge White in the *Hunter* case, *supra*, at page 242:

"* * * a second motion for new trial is never necessary to preserve on appeal such error as was properly asserted in an earlier timely motion for new trial and not cured by a subsequent modification of the Court's decision."

I would accordingly overrule appellees' motion to dismiss or affirm and would proceed to a determination upon the merits of the cause.

White, J., concurs.

NOTE.—Reported in 253 N. E. 2d 738.